**Daily Journal, a Corporation, Plaintiff-Appellee, v. Andy Smith, Defendant-Appellant.**

**Gen. No. 69–31.**

Second District.

December 31, 1969.

Idarius, Rubin and Zahn Associates, of Lombard, for appellant.

Chase, Wotan and Muscarello, of Elgin, for appellee.

MR. JUSTICE ABRAHAMSON delivered the opinion of the court.

A small-claim complaint was filed in the Circuit Court of Kane County by plaintiff to recover on a claim for fraud. A default judgment was entered and the defendant, within 30 days, filed a motion to vacate the judgment which was denied. Defendant appealed to this court from the default judgment and the denial of the motion to vacate.

On July 5, 1968, the plaintiff filed a small-claim complaint stating, "I, the undersigned, claim that the defendant is indebted to the plaintiff in the sum of $1,987.31 for fraud . . . . That the defendant resides at 225 West 89th Street, Chicago, Illinois . . . . That plaintiff resides in Elgin, Illinois." Defendant was served with an alias summons requiring his appearance at the Kane County Court House on September 16, 1968. The alias summons contained the admonition ". . . you must appear in person or by attorney at the time and place specified in the

summons or a default judgment will be entered against you."

On the return day defendant, by counsel, appeared before the Small-Claims Magistrate and filed a special appearance. By stipulation there was no order entered at that time because the parties were attempting to determine if a settlement could be reached. Thereafter, defendant served a notice upon the plaintiff that he would appear in court on January 9, 1969, and move for a transfer to a proper venue. The plaintiff appeared on January 9 and, upon failure of the defendant to appear, moved the court for a default judgment. A judgment order was entered by the Magistrate which states, "that the defendant having been duly served with summons as shown in the file and having failed to appear, answer or otherwise plead, and the complaint having been taken as confessed against the defendant, and the court having heard the testimony of the parties and witnesses . . . it is therefore ordered and decreed that judgment be and is hereby entered in favor of the plaintiff and against the defendant in the sum of $1987.31 . . . ."

On January 27, 1969, the parties appeared before the Magistrate pursuant to defendant's notice and motion to vacate the default judgment entered on January 9 and to transfer the cause to a proper venue. The Magistrate refused to entertain the oral motion and the case was continued to February 4 so that defendant could submit a written motion. On February 4, defendant filed a written motion stating, among other things, that he filed his special appearance in order to question the jurisdiction of the court, and that no ruling was made on this matter, that the defendant is not and has not been a resident of Kane County, nor has any transaction or any part of any transaction occurred in Kane County out of which this cause of action allegedly arose, and that this action was commenced in violation of section 5 (Venue— Generally) of the Civil Practice Act.

The motion further alleges that the complaint violates section 45 (pertaining to objections to pleadings) of the Civil Practice Act, and Supreme Court Rules 281–288, (Small Claims) in that the complaint is substantially insufficient in law. The motion asserts that the complaint alleged a mere legal conclusion; that the plaintiff chose an improper venue and disregarded the Supreme Court Rules on Small Claims which states in section 281: "a small claim is a civil action based on either tort or contract for money not in excess of $500,"; and the prayer of the motion was that judgment by default be vacated and that the cause be dismissed as wrongfully brought. The defendant's motion was denied.

The trial court record does not reveal any motion by plaintiff for a default or a default order. The next item to appear in the record after the defendant filed his special appearance on September 16, 1968, is the judgment order entered on January 9, 1969. Therefore, it does not appear that defendant received any notice that plaintiff would move the court for a default; that there was any ruling on defendant's special appearance, nor any order entered requiring defendant to file an answer or setting a trial date.

The issues presented are whether Supreme Court Rules 281–288, (Ill Rev Stats 1967, c 110A, §§ 281–288), prescribed the rules for filing small claims, and whether a small-claim complaint filed for a sum in excess of $500 is void for failure to state a cause of action; whether a defendant who enters his appearance is entitled to notice before the default can be taken; whether a complaint so insufficient states a cause of action that a default judgment is improper, and whether the vacation of a default judgment pursuant to section 50 of the Civil Practice Act is based upon substantial principles of right and wrong and is to be exercised by the court for the prevention of injustice.

414

■ We believe that defendant's contention that a small-claim complaint filed for a sum in excess of $500 is void and fatally defective for failure to state a cause of action is without merit. Article VI, Judicial Department, Constitution of the State of Illinois, which is commonly known as the Judicial Article and which became effective January 1, 1964, provides in section 9: "The circuit court shall have unlimited original jurisdiction of all justiciable matters . . . ." The purpose carrying out the unification of the courts is set forth not only in sections 8 and 9 of Article VI, Illinois Constitution, but also in paragraph 5 of the Schedule to the Judicial Article. Supreme Court Rules on small claims, Ill Rev Stats 1967, c 110A, §§ 281–288 are complete. It is noted that although the amount of $500 applied when this case was filed, the rule was amended later to increase from $500 to $1,000 the upper limit of a small claim. It is apparent that a small-claim complaint filed for a sum in excess of the amount stated in Supreme Court Rule 281 is not fatally defective and void for failing to state a cause of action, but such a case should be transferred from the small claim division to another division of the Circuit Court.

■ The next issue presented is whether a defendant who has entered his appearance must be notified properly before a default judgment can be taken against him. In this case the defendant entered a special appearance on the return date specified in the summons. No notice was given by either party prior to the default judgment being entered to have the Magistrate pass upon the special appearance. It was quite apparent from the face of the small-claim complaint that the amount sought was in excess of the amount specified in Supreme Court Rule 281. It is also noted that nowhere in the record does it appear that any evidence was offered to support the judgment, and plaintiff does not contend that any evi-

415

dence was offered to support the judgment before the judgment was entered. Supreme Court Rule 286, (Ill Rev Stats 1967, c 110A, § 286), provides as follows:

> "Unless the 'Notice to Defendant' (see rule 101(b)) provides otherwise, the defendant in a small claim must appear at the time and place specified in the summons and the case shall be tried on the day set for appearance unless otherwise ordered. If the defendant appears, he need not file an answer unless ordered to do so by the court; and when no answer is ordered the allegations of the complaint will be considered denied and any defense may be proved as if it were specifically pleaded."

Rule 6 of the Rules of Practice of the Circuit Court of Kane County is entitled "Appearances and Default— Notice of Proceedings" and states:

> "Notice of all proceedings in an action shall be given to all parties who have appeared and have not been found by the Court to be in default for failure to plead, unless notice is excused by the Court."

In Sentry Royalty Co. v. Craft, 79 Ill App2d 410, 226 NE2d 282, it is stated at p 417:

> "Defendants were entitled to notice in writing that plaintiff would move the trial court for a default, (Uniform Rules of the Circuit Court of Illinois, Rule 2.1, Ill Rev Stats 1965 c 110, sec 302.1, adopted by the Twentieth Judicial Circuit January 2, 1964,) but the record shows no proof of such notice, nor does any party contend such notice was given. Had such notice been given, defendants would have been afforded an opportunity of a hearing to prevent the default order as well as the decree being so promptly entered."

Under the circumstances here present the defendant was entitled to proper notice before a default judgment was entered.

■ Another contention of the defendant is that the Magistrate improperly refused to vacate the default judgment pursuant to section 50 of the Civil Practice Act (Ill Rev Stats 1967) c 110, § 50(5). The motion to vacate the default judgment and to transfer the case to a proper venue was filed within 30 days of the entry of judgment. Section 50(5) of the Civil Practice Act is as follows:

> "The court may in its discretion, before final order, judgment or decree, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order, judgment or decree upon any terms and conditions that shall be reasonable."

The pertinent allegations of the motion to vacate have hereinbefore been set forth. Plaintiff did not respond to the allegations of the motion.

It was said in Widucus v. Southwestern Elec. Cooperative, 26 Ill App2d 102, p 109, 167 NE2d 799:

> "It seems to us that the overriding reason should be whether or not justice is being done. Justice will not be done if hurried defaults are allowed any more than if continuing delays are permitted. But justice might, at times, require a default or a delay. What is just and proper must be determined by the facts of each case, not by a hard and fast rule applicable to all situations regardless of outcome.
>
> "The entering of a default is one of the most drastic actions a court may take to punish for disobedience to its commands. The court has other powers which are ample in most instances. In our judgment, a default should only be condoned when, as

417

a last resort, it is necessary to give the plaintiff his just demand. It should be set aside when it will not cause a hardship upon the plaintiff to go to trial on the merits."

This court in Mieszkowski v. Norville, 61 Ill App2d 289, 209 NE2d 358, traced the standards for guidance in determining whether a default judgment is to be set aside, and in quoting from the Widucus case stated at p 294, ". . . a court may set aside a judgment on a motion made within thirty days 'upon any terms and conditions that shall be reasonable' " . . . .

Under the circumstances here, the motion to vacate the default judgment should have been allowed by the magistrate and he should then have ruled on defendant's motion to transfer the cause to a proper venue.

We do not decide the issue here as to whether the complaint is insufficient to state a cause of action because the magistrate will have to determine first whether the cause should be transferred to another division of the Kane County Circuit Court, due to the amount of money involved, or whether the case should be transferred to Cook County, or another county, because of wrong venue (Ill Rev Stats 1967, c 110, pars 7 and 10). The sufficiency of the complaint can then be tested in the proper court in accordance with section 45 of the Civil Practice Act.

Accordingly, the judgment entered on January 9, and the order of the magistrate dated February 4 denying the motion to vacate, are both reversed and the cause remanded to the Kane County Circuit Court with directions to proceed consistent with the views expressed in this opinion.

Reversed and remanded with directions.

DAVIS and SEIDENFELD, JJ., concur.