JOHN E. GRIFFIN, Plaintiff-Appellee, *v.* ERNEST E. BILLBERRY, Defendant-Appellant.

(No. 71-20; ▮▮▮▮▮▮▮)

Second District—September 17, 1971.

*Rehearing denied October 20, 1971.*

John R. Snively, of Rockford, for appellant.

Williams, McCarthy, Kinley & Rudy, of Rockford, for appellee.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

Plaintiff filed a small claims action for property damage arising from an automobile accident. The body of the complaint was in the following (printed except as italicized) form:

"(Caption)

I, the undersigned, claim that the defendant is indebted to the plaintiff in the sum of *$793.56* for *property damages arising from an automobile accident on January 20, 1968,* and that the plaintiff has demanded payment of said sum; that the defendant refused to pay the same and no part thereof has been paid; that the defendant resides at *2116 Magnolia Street, Rockford, Illinois* Phone No. ———; that the plaintiff resides at *809 2nd Avenue, Rockford, Illinois* Phone No. ———; in the State of Illinois."

Defendant's motion to dismiss the complaint was denied; plaintiff thereafter was permitted to increase the ad damnum to $893.56; and the cause was thereafter heard by the magistrate without a jury. Proofs were completed on June 3rd, 1970.

Counsel were notified of the court's ruling by a letter signed by the magistrate on September 14th, 1970. On that same date, the magistrate penned on the small claims jacket, "Judgment for II for $893.56 & costs."

In this appeal, defendant urges that the complaint did not state a cause of action; that plaintiff was guilty of contributory negligence; that the record does not show that any judgment was rendered; and that the judgment is void. We find no merit in any of these claims of error.

Defendant's attack on the sufficiency of the complaint is based upon the argument that Supreme Court Rule 282 (Ill. Rev. Stat. 1969, ch. 110A, par. 282) requires that the nature of plaintiff's claim be stated, and therefore necessitates, in a cause of action based on negligence, that facts be set forth which raise a duty, show a breach of duty and show an alleged resulting injury. However, the authorities cited (*Donehue v. Duvall* (1967), 90 Ill.App.2d 472; *Fanning v. Lemay* (1966), 78 Ill.App.2d 166; and *Church v. Adler* (1953), 350 Ill.App. 471 are not applicable to small claims actions. The provisions of the Small Claims Act (ch. 110A, *supra,* pars. 281-288) are meant to provide a simplified and inexpensive procedure for small claims, and the rules are complete in themselves without reference to other rules (except as to the form of summons). See Smith-Hurd Annotated, ch. 110A, par. 282—Committee Comments; *Daily Journal v. Smith* (1969), 118 Ill.App.2d 411, 415. The complaint was sufficient to clearly notify defendant of the nature of

plaintiff's claim and thus to state a cause of action under which he could prove negligence and the resulting injury.

■ Defendant's objection to the form of the judgment order is that it did not state against whom the judgment was rendered or that plaintiff should "have and recover" the amount specified from the defendant. By clear implication, the judgment for the plaintiff could only be against the sole defendant. There could be no uncertainty in the judgment particularly since a memorandum letter went out from the court to the parties, which although not an official part of the court's record, was a writing which fully advised the defendant of the judgment against him and its basis in the court's view of the evidence. While it would have been better practice for the judgment to have been recorded by the clerk and preserved more formally (or for that record to be before us if it were, in fact, maintained), we do not consider that reversal or remand for this primarily clerical purpose would serve any useful interest under the circumstances here.

■ ■ Nor was the order void because there was no showing that the court took the case under advisement after the hearing of evidence on June 3rd, 1970, for the period intervening before its judgment on September 14th, 1970. It appears from the affidavit of the magistrate filed with the record that the delay was due to his intervening illness. We do not consider that this is a necessary showing, however, since jurisdiction once acquired is not lost until all issues of fact and law have been finally determined. *Fiore v. City of Highland Park* (1968), 93 Ill.App.2d 24, 31. Here, the magistrate having acquired jurisdiction of the cause retained jurisdiction to enter his order.

■ We do not consider defendant's remaining claim that the plaintiff was guilty of contributory negligence, since defendant has the burden of proving by the record that the judgment was against the manifest weight of the evidence and has not included a report of proceeding or its equivalent for that purpose. See *Libman v. Gipson* (1968), 93 Ill.App. 2d 62, 64; and *Croft v. Lamkin* (1969), 112 Ill.App.2d 321, 328.

The judgment of the circuit court of Winnebago County is affirmed.

Judgment affirmed.

MORAN, P. J. and ABRAHAMSON, J., concur.