RICK WICKS, Plaintiff-Appellee, *v.* BANK OF BELLEVILLE, Defendant-Appellant.

Fifth District    No. 77-256

Opinion filed December 23, 1977.

Dixon, Starnes, Nester & McDonnell, of Belleville (A. J. Nester, of counsel), for appellant.

Rice & Durso, of Belleville (Robert H. Rice, of counsel), for appellee.

Mr. PRESIDING JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal from an order entering summary judgment in the circuit court of St. Clair County and an order denying the motion to vacate that judgment.

Plaintiff, Rick Wicks, filed a small-claim complaint in St. Clair County demanding judgment of $1,000 and costs against defendant, Bank of Belleville. The basis for the complaint is an alleged breach of contract of deposit and wrongful withholding of monies deposited since August of 1974. Service upon the defendant was obtained by mail pursuant to Supreme Court Rule 284 (Ill. Rev. Stat. 1975, ch. 110A, par. 284).

The defendant by its attorneys notified the court by letter of December 8, 1975, that it denied the allegations of the complaint, and wished to contest the same. Also pursuant to the small claims Rule 286 (Supreme Court Rule 286, Ill. Rev. Stat. 1975, ch. 110A, par. 286), no formal answer was filed by the bank. That rule provides in part:

> "If the defendant appears, he need not file an answer unless ordered to do so by the court; and when no answer is ordered the allegations of the complaint will be considered denied and any defense may be proved as if it were specifically pleaded."

Late in December 1975 plaintiff filed a motion for summary judgment by his attorneys, and attached thereto was an "Affidavit in Support of Summary Judgment" signed by the plaintiff, and notarized. The affidavit states the following facts:

> 1. Plaintiff deposited $9,005 with defendant prior to August 1974 in a passbook savings account.
> 2. Plaintiff withdrew $8,000 in August 1974.

3. Plaintiff's passbook was marked accordingly by bank employees at that time leaving a balance of $1,005.

4. Since the withdrawal, the bank has retained plaintiff's $1,005, despite demands by plaintiff that it be returned to him.

5. The defendant presently refused to pay plaintiff his $1,005.

6. Plaintiff knows of no setoff or counterclaim or justification for defendant's refusal to pay plaintiff $1,005.

7. Defendant does admit a debt of $5.

8. Plaintiff's passbook is in defendant's possession.

9. That defendant owes plaintiff $1,005 plus interest since August 1975.

10. That the affidavit is made on the personal knowledge of Rick Wicks, and that plaintiff, if sworn as a witness can testify competently to the foregoing facts.

Defendant bank by its attorneys filed a responsive affidavit signed by its attorney containing the following statement:

"* * * being duly sworn states that he has read the above and foregoing Affidavit by him subscribed, that the contents thereof have been stated to him, and on information and belief, the undersigned believes said information to be true."

The court granted summary judgment in favor of the plaintiff, and cited as its reason that "Defendant's Affidavit in Opposition to Motion in Summary Judgment fails to meet the requirements of Supreme Court Rule 191."

Judgment was entered January 20, 1977, and on February 18, 1977, defendant filed a "Motion to Vacate Summary Judgment" pursuant to section 68.3 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 68.3). The unverified motion stated the following grounds:

"1. The pleadings on file together with Affidavit filed by the Plaintiff were not sufficient to show that no genuine issue of a material fact existed between the parties and therefore Summary Judgment should not have been granted.

2. The matters shown by the Plaintiff were not sufficient to sustain a cause of action against the Defendant.

3. Summary Judgment is improper in a Small Claim action for the reason that no pleading or answer is required to be filed on behalf of the Defendant and the goals of rules governing Small Claims actions are to provide simplified and inexpensive procedure for handling such claims, and therefore, entry of Summary Judgment is improper."

The motion to vacate was summarily denied March 21, 1977, and this appeal was taken.

In its appeal, defendant argues that a trial court may not properly enter

summary judgment in small claims cases, and that in any event, the trial court improperly granted summary judgment under the facts of this case.

■■ The rule regarding summary judgments in Illinois is set forth in section 57 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 57). Defendant argues that the reason for small claims courts, and the simplified rules thereunder, is to provide an expeditious as well as simplified procedure for handling small claims.

With that contention, there can be no argument. In *Griffin v. Billberry*, 1 Ill. App. 3d 219, 273 N.E.2d 693, the defendant argued that the complaint was insufficient in that it did not set forth facts showing the existence of a duty, breach of the duty, and injury relating therefrom in a negligence action.

The court there rejected the argument, saying:

"The provisions of the Small Claims Act (ch. 110A, *supra*, pars. 281-288) are meant to provide a simplified and inexpensive procedure for small claims, and the rules are complete in themselves without reference to other rules (except as to the form of summons). See Smith-Hurd Annotated, ch. 110A, par. 282— Committee Comments; *Daily Journal v. Smith* (1969), 118 Ill. App. 2d 411, 415." 1 Ill. App. 3d 219, 221, 273 N.E.2d 693, 695.

In *Wroclawski v. Waszczyk*, 35 Ill. App. 3d 408, 342 N.E.2d 261, the court reaffirmed that language. In that case, an affirmative defense was not pleaded, and plaintiff sought to bar it when it appeared in the evidence at trial. The court said:

"* * * [I]t must be remembered that the goals of the rules governing small claims actions are to provide an expeditious (*Steelworkers Local 5292 v. Bailey*, 29 Ill. App. 3d 392, 393 N.E.2d 867, 868) as well as simplified and inexpensive procedure for handling small claims (*Maxcy v. Frontier Ford, Inc.*, 29 Ill. App. 3d 867, 872, 331 N.E.2d 858, 862; *Griffin v. Billberry*, 1 Ill. App. 3d 219, 221, 273 N.E.2d 693, 695) and are complete in themselves without reference to other rules except as to form of summons. (*Griffin v. Billberry*; Historical and Practice Notes, Ill. Ann. Stat. ch. 110A, §281, at 321 (Smith-Hurd 1968).)" 35 Ill. App. 3d 408, 411, 342 N.E.2d 261, 264.

Defendant argues further that summary judgments, and their attendant motions, affidavits, and counteraffidavits are not conducive to expeditious, inexpensive disposition of law suits. The further argument is made that because discovery is not generally allowed in small claims cases except by leave of court under Supreme Court Rule 287 (Ill. Rev. Stat. 1975, ch. 110A, par. 287), the defendant was unable to produce proper counteraffidavits.

■■ Defendant's arguments are unpersuasive. It should be noted at the outset that the entire purpose for summary judgment practice under our rules is to expedite decision of those cases where no material questions of fact are in issue. As the court said in *Rivan Die Mold Corp. v. Stewart Warner Corp.*, 26 Ill. App. 3d 637, 640-41, 325 N.E.2d 357, 360:

> "The purpose of summary judgment is quite clear. It is a means to avoid the expense and delay of trial where no genuine issue of fact exists. (*Allen v. Meyer*, 14 Ill. 2d 284.) The procedure is not designed to try an issue of fact, but rather to determine whether one exists. (*Weber v. Northern Illinois Gas Co.*, 10 Ill. App. 3d 625, 295 N.E.2d 41.) We must note that while summary judgment is to be encouraged, it is a remedy to be awarded with due caution in view of its drastic nature. (*Solone v. Reck*, 32 Ill. App. 2d 308, 177 N.E.2d 879.) Accordingly, in making a determination as to the propriety of summary judgment, courts must construe the pleadings, depositions and affidavits most strictly against the moving party and most liberally in favor of the opponent in order to determine whether there is a genuine issue as to a material fact. *Lumbermens Mutual Casualty Co. v. Poths*, 104 Ill. App. 2d 80, 243 N.E.2d 40."

Motions, affidavits, countermotions, and counteraffidavits may impair expediency to some extent, however, if an entire trial of all issues can be justly and fairly dispensed with in small claims court the interests of expediency are served. Affidavits themselves are not so unwieldy as to be dispensed with entirely under small claims procedure. Small claims Rule 282 (Supreme Court Rule 282, Ill. Rev. Stat. 1975, ch. 110A, par. 282) provides for use of affidavits in pleading the unavailability of a written instrument on which the action is based.

The most logical basis for defendant's argument that summary judgment is excluded from small claims procedure is the language in *Griffin v. Billberry* and *Wroclawski v. Waszczyk*, to the effect that the small claims rules are complete, and require no reference to other rules except as to the form of summons. This language in turn comes from the Historical and Practice Notes in Ill. Ann. Stat., ch. 110A, par. 281, at 321 (Smith-Hurd 1968).

However, a careful examination of the cases cited above wherein the language is quoted, and the opinion in *Daily Journal v. Smith*, 118 Ill. App. 2d 411, 415, 254 N.E.2d 307, where it first appears, shows that the courts were dealing with facts unlike those before us. In *Daily Journal v. Smith*, a complaint for $1,900 was filed in small claims court where the dollar limits were a maximum of $500. Further it was argued that the action was filed in the wrong county, and therefore venue was improper. One of the grounds for appeal was the failure of the magistrate to

vacate the default judgment pursuant to section 50 of the Civil Practice Act (Ill. Rev. Stat. 1967, ch. 110, par. 50(5)), and applying section 50(5), the appellate court reversed. Section 50(5) is not contained within the small claims rules, and yet it was applied to what was brought as a small claims case. Also in that case objection to venue was made under section 5 (Venue-Generally) of the Civil Practice Act (Ill. Rev. Stat. 1967, ch. 110, par. 5). Although the question of venue was not decided in the appeal, there was no question that on issues relating to venue, section 5 would apply.

Again in *Griffin v. Billberry* where *Daily Journal v. Smith* is cited with approval, the issue was one expressly covered by a small claims rule, Supreme Court Rule 282 (Ill. Rev. Stat. 1969, ch. 110A, par. 282), which sets forth what is required to state a cause of action in small claims.

Finally in *Wroclawski v. Waszczyk*, appellant argued that because an affirmative defense was not pleaded, it was barred from consideration. That contention was denied because although that is the general rule, there is a specific rule (see Supreme Court Rule 286 (Ill. Rev. Stat. 1973, ch. 110A, par. 286)), on the point in the small claims procedure regarding pleading of answers. In that same action Civil Practice Act section 60 dealing with adverse witnesses (Ill. Rev. Stat. 1973, ch. 110, par. 60) was applied and used without objection.

■■ Where the small claims rules direct an issue or matter of procedure, such rules take precedence; they are "complete." However, where there is no small claims rule on a specific procedure, the general rules must apply for the orderly trial and appeal of the issues. In the case before us, the summary judgment procedure was not objected to when the motion was filed but rather when it was granted. Also, we note, defendant utilized section 68.3 of the Civil Practice Act in filing his motion to vacate summary judgment at the trial court level.

Having decided that summary judgment procedure is applicable in small claims cases, the issue becomes whether it was properly granted in this case to plaintiff. Defendant argues that because of the relaxed pleading requirements in small claims cases, and the unavailability of discovery except under order of court, a case cannot be ripe for summary judgment.

Section 57 of the Civil Practice Act (summary judgment) (Ill. Rev. Stat. 1975, ch. 110, par. 57), provides that plaintiff may move with or without supporting affidavits for summary judgment after the opposite party's time to answer has expired. The judgment sought will be ordered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there are no questions in issue, that is, there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law.

In this case, plaintiff did file an affidavit setting forth the basis of his action which was drafted pursuant to Supreme Court Rule 191 (Ill. Rev. Stat. 1975, ch. 110A, par. 191), in that it did set forth specific facts stating with particularity the facts of plaintiff's claim, and the affidavit was made on plaintiff's personal knowledge. Further, it stated affirmatively that the affiant, if sworn as a witness, can testify competently thereto.

■■ Defendant's affidavit was not sufficient under the rule. The attorney for defendant who signed the affidavit did so on information and belief only. In *Anderson "Safeway" Guard Rail Corp. v. Champaign Asphalt Co.*, 131 Ill. App. 2d 924, 928-29, 266 N.E.2d 414, 417, the court said of affidavits filed by an attorney:

> "The counter-affidavit filed by plaintiff's attorney * * * was not made on personal knowledge of the affiant. This affidavit, on its face, showed that affiant could not competently testify at the trial to the cause of the matters therein stated, as required by Supreme Court Rule 191(a) (Ill. Rev. Stat. 1969, ch. 110A, par. 191(a)). Unsupported conclusions in an affidavit in support of a motion for summary judgment are insufficient to raise a genuine issue of material fact. [Citations.]
>
> * * *
>
> Mere allegation that a triable issue of facts exists does not create an issue of fact. [Citations.] Nor is an affidavit by a party's attorney to be tested by any different rule than that of any other affiant."

So too, here the affidavit of defendant was insufficient to raise a genuine issue of material fact.

Defendant's argument that lack of access to discovery procedures prevented the development of an effective counteraffidavit on the bank's behalf is similarly not well taken on the facts of this case. Supreme Court Rule 191(b) (Ill. Rev. Stat. 1975, ch. 110A, par. 191(b)) does provide for procedures to be used in the affidavit where information is held by hostile parties and therefore not within the personal knowledge of the affiant. The defendant did not meet the requirements of Supreme Court Rule 191(b).

Defendant was apprised of the exact reason why judgment was being granted, and with which rule defendant had failed to comply in its pleading. Defendant was not an unknowledgeable layperson who was trapped by a technicality, but rather an entity represented by counsel who made an election as to what course to pursue with full knowledge of the consequences if it was incorrect in its arguments.

We affirm the judgment of the circuit court of St. Clair County.

Affirmed.

CARTER and G. J. MORAN, JJ., concur.