PEORIA HOUSING AUTHORITY, Plaintiff-Appellee, *v.* CORA ROBERSON, Defendant-Appellant.

Third District   No. 78-337

Opinion filed July 16, 1979.—Rehearing denied August 30, 1979.

Clifton J. Mitchell, of Peoria, for appellant.

Michael A. Fleming, Corporation Counsel, of Peoria, for appellee.

Mr. JUSTICE BARRY delivered the opinion of the court:

This is an appeal from a forcible judgment order of the Circuit Court of Peoria County in favor of plaintiff Housing Authority.

The Peoria Housing Authority brought a forcible entry and detainer action against the defendant, Cora Roberson, in small claims court for the failure of the defendant to pay rent in the amount of $328.80. On March 22, 1978, the defendant entered an appearance and was ordered to file an answer, setting forth any affirmative defenses that she might have. By stipulation of the parties, the time for filing of defendant's answer was extended to April 14, 1978. On that day the defendant answered and filed three affirmative defenses to the plaintiff's forcible entry and detainer complaint, alleging that the plaintiff breached an implied warranty of habitability by failing to correct various violations of the Peoria Housing Code and breached various express covenants to repair existing in the lease. On April 21, 1978, the trial began, and at the close of the plaintiff's

case the defendant moved to dismiss on the grounds that the plaintiff failed to reply to the defendant's affirmative defenses. The court, after taking the motion under advisement, denied it on April 26. In an order dated June 27, 1978, the court rendered judgment in favor of the plaintiff for possession and costs, and for all rent and other charges due and owing as of the date of the judgment, less a $100 setoff based on the difficulties encountered by the defendant with the heating system and back door lock. It is from this judgment that the defendant appeals.

The sole issue presented on appeal in this case is whether the trial court erred in denying the defendant's motion, made at the close of plaintiff's case, to dismiss the suit on the grounds that the plaintiff failed to reply to defendant's affirmative defenses. The defendant's main contention is that under sections 32 and 40(2) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, pars. 32, 40(2)), the failure of the plaintiff to file a reply to the affirmative defenses raised by the defendant constituted an admission by the plaintiff of the facts asserted therein, which under her reading of *Kraegel v. Daros* (1948), 333 Ill. App. 651, 77 N.E.2d 883 (abstract), should have resulted in a dismissal of the action. *Kraegel* of course predates the small claims rules.

■■ The plaintiff Housing Authority does not disagree with the interpretation given by the defendant of sections 40(2) and 32 of the Civil Practice Act, nor does it deny the fact that the defendant's affirmative defenses contained new matter which, if proven, constituted a defense to the complaint. The gist of the plaintiff's argument is that the small claims rules (particularly Supreme Court Rule 286 (Ill. Rev. Stat. 1977, ch. 110A, par. 286)) control in this action, and since these rules do not provide any sanction for the failure of a small claims plaintiff to respond to an affirmative defense, none was intended by the legislature and therefore denial of the motion to dismiss was proper. The following passage from *Wroclawski v. Waszczyk* (1976), 35 Ill. App. 3d 408, 411, 342 N.E.2d 261, 264, supports plaintiff's view:

> "[T]he goals of the rules governing small claims actions are to provide an expeditious (*Steelworkers Local 5292 v. Bailey*, 29 Ill. App. 3d 392, 393, [329] N.E.2d 867, 868) as well as a simplified and inexpensive procedure for handling small claims (*Maxcy v. Frontier Ford, Inc.*, 29 Ill. App. 3d 867, 872, 331 N.E.2d 858, 862; *Griffin v. Billberry*, 1 Ill. App. 3d 219, 221, 273 N.E.2d 693, 695) and are *complete in themselves* without reference to other rules except as to form of summons. (*Griffin v. Billberry*; Historical and Practice Notes, Ill. Ann. Stat. ch. 110A, §281, at 321." (Emphasis added.)

(*Accord, Johnston v. Suckow* (1977), 55 Ill. App. 3d 277, 370 N.E.2d 650; *Presto Manufacturing Co. v. Formetal Engineering Co.* (1977), 46 Ill. App. 3d 7, 360 N.E.2d 510; *Dobrowolski v. LaPorte* (1976), 38 Ill. App. 3d

492, 348 N.E.2d 237.) The defendant, however, contends that because the small claims rules contain no provision for making a reply to an affirmative defense, the Civil Practice Act applies. In the case of *Wicks v. Bank of Belleville* (1977), 56 Ill. App. 3d 222, 371 N.E.2d 1007, the court was presented with the argument that since there was no provision for a summary judgment procedure in the small claims rules, no such procedure could be utilized by the plaintiff in a small claims action. The Fifth District, emphasizing the purposes of the small claims rules, rejected this argument, and stated: "[W]here the small claims rules direct an issue or matter of procedure, such rules take precedence; they are 'complete.' However, where there is no small claims rule on a specific procedure, the general rules must apply for the orderly trial and appeal of issues." 56 Ill. App. 3d 222, 227, 371 N.E.2d 1007, 1011.

We agree with the Fifth District that the summary judgment procedure is available and should be used *when appropriate* in small claims actions, but we do not interpret the above-quoted language from *Wicks* to mean that a responsive pleading to an affirmative defense in small claims is mandated. The language from *Wicks* must be read in the context of that case and the legislative purpose of the small claims rules. The purpose of the summary judgment procedure, as the court points out in *Wicks*, is "to expedite decision of those cases where no material questions of fact are in issue." (56 Ill. App. 3d 222, 226, 371 N.E.2d 1007, 1010). Clearly, the purpose of that procedure is consistent with the aims of the small claims rules, one of which is to encourage the expeditious resolution of civil cases where the amount in controversy is less than $1,000 exclusive of interest and costs. Ill. Rev. Stat. 1977, ch. 110A, par. 281.

Such is not the case with responsive pleadings. The small claims rule pertaining to this case is Supreme Court Rule 286 (Ill. Rev. Stat. 1977, ch. 110A, par. 286), which states:

"Unless the 'Notice to Defendant' (see Rule 101(b)) provides otherwise, the defendant in a small claim must appear at the time and place specified in the summons and the case shall be tried on the day set for appearance unless otherwise ordered. If the defendant appears, he need not file an answer unless ordered to do so by the court; and when no answer is ordered the allegations of the complaint will be considered denied and any defense may be proved as if it were specifically pleaded."

Thus, in regard to pleadings, the rule merely provides that the defendant need not answer unless ordered to do so by the court. If no answer is ordered by the court, the allegations of the complaint are considered to be denied, and the defendant may prove any defense he has available. "These provisions will simplify and render as inexpensive as

possible the procedure in small claims cases." (Historical and Practice Notes, Ill. Ann. Stat., ch. 110A, par. 286, at 325 (Smith-Hurd 1968)). The small claims procedure will not, however, be simplified, rendered inexpensive, or expedited if the formality and rigid pleading requirements of the Civil Practice Act are always held to apply where the small claims rules are silent.

In our view, the small claims rules vest the trial judge with a great deal of discretion in regard to the ordering of pleadings. It is clear from Rule 286 that he may order the defendant to answer, or may decline to order an answer and merely allow the defendant to prove his defenses. Similarly, if the trial judge orders an answer, and that answer raises affirmative defenses, in his discretion he may order the plaintiff to reply to the new matters raised. If he decides not to order the plaintiff to reply to the defendant's affirmative defenses, the effect is the same as when no answer is ordered; the allegations are considered denied and may be contested at trial. This result is consistent with the intent to avoid formality in small claims, and emphasize simplicity and celerity.

■■ Because we are of the opinion that it is purely within the discretion of the trial court whether to order a reply to an affirmative defense raised in a small claims action, we hold that it was not reversible error to deny the defendant's motion to dismiss on the grounds that plaintiff did not file a reply when no such responsive pleading was ordered. We note in passing that in any event, the trial court took notice of the defendant's affirmative defenses as reflected in the $100 setoff. We also note that had we accepted defendant's argument that the Civil Practice Act applies and consequently a reply to her affirmative defenses was required, our result would be the same as defendant's motion was premature. By stipulation between the parties, the defendant was ordered to file her answer on April 14, 1978. Under Supreme Court Rule 182 (Ill. Rev. Stat. 1977, ch. 110A, par. 182), replies to answers must be filed within 21 days after the last day allowed for the filing of the answer. Thus, according to Rule 182, plaintiff had 21 days from April 14 to file its reply. However, the defendant moved to dismiss for failure of the plaintiff to reply on April 21, only seven days after defendant filed her answer. Clearly, the motion to dismiss was premature under Rule 182 and properly denied.

For the foregoing reasons, the judgment of the Circuit Court of Peoria County is affirmed.

Judgment affirmed.

STOUDER, P. J., and STENGEL, J., concur.