BERNARD ROBINSON, Plaintiff-Appellant, *v.* STEVE WARMINGTON, Defendant-Appellee.

First District (2nd Division)    No. 80-1626

Opinion filed April 28, 1981.

Walter M. Ketchum, of Chicago (Jonathan K. Gray, of counsel), for appellant.

Ross, Hardies, O'Keefe, Babcock & Parsons, of Chicago (Donald J. Tribbett, of counsel), for appellee.

Mr. JUSTICE PERLIN delivered the opinion of the court:

Plaintiff, Bernard Robinson, appeals from a judgment entered in favor of defendant, Steve Warmington, upon a directed verdict in a small claims action. The issue presented for review is whether the trial court erred in refusing to admit into evidence an evidence deposition taken in a former action involving the same parties and subject matter.

Plaintiff brought this action to recover property damage to his automobile allegedly caused by the negligence of defendant. At trial the only evidence the plaintiff offered was an evidence deposition of him and his wife taken during the pendency of a prior action between the parties. Although the record of the prior action is not before this court, plaintiff's counsel in the case at bar briefly explained to the trial court what had transpired in the prior action. Plaintiff's counsel advised the court that during the pendency of the prior action plaintiff and his wife were living in California and were "not available to come to Chicago." Consequently plaintiff took an evidence deposition of himself and his wife. Leave of court was not obtained prior to the taking of the deposition,[1] and defendant did not serve cross questions or participate in the deposition. The trial court in the prior case did not permit plaintiff to use the deposition as evidence, and plaintiff voluntarily dismissed the action. Plaintiff then brought this action.

The trial court in the instant case also refused to admit the deposition into evidence and entered a directed verdict in favor of defendant.

Plaintiff contends that Supreme Court Rule 212(d) (Ill. Rev. Stat. 1979, ch. 110A, par. 212(d)) sanctions the use in this action of the evidence deposition taken of plaintiff and his wife in the prior action. Rule 212(d) provides:

> "*Use After Substitution, Dismissal, or Remandment*. Substitution of parties does not affect the right to use depositions previously taken. If any action in any court of this or any other jurisdiction of the United States is dismissed and another action involving the same subject matter is afterward brought between the same parties or their representatives or successors in interest, or if any action is

---

[1] Plaintiff's explanation to the trial court does not indicate with clarity whether leave of court was denied or whether leave was never sought.

remanded by a court of the United States to a court of this State, *all depositions lawfully taken and duly filed in the former action,* or before remandment, may be used as if taken in the later action, or after remandment." (Emphasis supplied.)

Rule 212(d) does not permit the use of a deposition taken in a former action unless the deposition was "lawfully taken and duly filed in the former action." As we previously noted, the record of the former action is not before us. We further note that although plaintiff asserts in his brief that the deposition was lawfully taken and duly filed, the record before us is devoid of any proof concerning the taking or the filing of the deposition. The fulcrum of plaintiff's argument on appeal, however, is that an evidence deposition in a small claims action may be taken without leave of court, and therefore the evidence deposition taken of plaintiff and his wife in the prior action without leave of court was lawfully taken.

■■■ Supreme Court Rule 287 (Ill. Rev. Stat. 1979, ch. 110A, par. 287) entitled Depositions and Discovery provides:

"No depositions shall be taken or interrogatories or other discovery proceeding be used prior to trial in small claims except by leave of court."

The language of Rule 287 is clear and unequivocal. "No depositions" shall be taken except by leave of court. However, plaintiff urges this court to modify the language to read "no discovery depositions" shall be taken without leave of court. In support of this proposed interpretation plaintiff argues that "[i]f the court had meant to restrict the use of evidentiary proceedings in the form of evidence depositions by written interrogatories, it could and should have omitted the word 'other' thus making the rule restrict all types of depositions and not just discovery depositions."

Although research has revealed no decisions interpreting Rule 287, the report of the Chairman and Secretary of the Illinois Supreme Court Rules Committee recognized that "[i]n keeping with the objectives of simplified and inexpensive procedure, no depositions or discovery proceedings are permitted except by leave of court." (Rall & Tone, *The New Illinois Supreme Court Rules*, 52 Ill. B.J. 372, 378 (1963-1964).) The provisions of the Small Claims Rules (Ill. Rev. Stat. 1979, ch. 110A, pars. 281-288) are meant to provide a simplified and inexpensive procedure for small claims and are complete in themselves without reference to other rules (except as to the form of summons). (*Wicks v. Bank of Belleville* (1977), 56 Ill. App. 3d 222, 225, 371 N.E.2d 1007; *Wroclawski v. Waszczyk* (1976), 35 Ill. App. 3d 408, 411, 342 N.E.2d 261; *Griffin v. Billberry* (1971), 1 Ill. App. 3d 219, 221, 273 N.E.2d 693; *Daily Journal v. Smith* (1969), 118 Ill. App. 2d 411, 415, 254 N.E.2d 307; Ill. Ann. Stat., ch. 110A, par. 281, Historical and Practice Notes, at 321 (Smith-Hurd 1968).) "Where the small claims rules direct an issue or matter of procedure, such rules take precedence; they

are 'complete.' " (*Wicks v. Bank of Belleville* (1977), 56 Ill. App. 3d 222, 227.) Any ruling by this court limiting the language of Rule 287 to only discovery depositions would, in our opinion, impose an interpretation on the Rule which is not justified by its plain language nor by the objectives of the Small Claims Rules.

Based upon the foregoing, we affirm the judgment of the circuit court of Cook County.

Affirmed.

HARTMAN, P. J., and DOWNING, J., concur.