DAVID TANNENBAUM, Plaintiff-Appellant, v. MARGARET A. FLEMING, Defendant-Appellee.
Second District No. 2—91—1277

Opinion filed September 16, 1992.

David Tannenbaum, of Beach Park, appellant *pro se*.

Myron J. Hall, of Myron J. Hall, Ltd., of Waukegan, for appellee.

JUSTICE DOYLE delivered the opinion of the court:
Plaintiff, David Tannenbaum, *pro se*, filed an amended small claims complaint in the circuit court of Lake County alleging $1,203.44 in damages arising from an automobile accident with defendant, Margaret A. Fleming. The trial court granted defendant's

motion to dismiss and subsequently denied plaintiff's motion to vacate the order of dismissal. Plaintiff then filed this timely appeal.

At the outset, we note that neither party has presented arguments within the context of the small claims rules (see 134 Ill. 2d Rules 281 through 289). Ordinarily a party's failure to argue an issue might be considered waiver; however, this court may, in the exercise of its responsibility for a just result, disregard considerations of waiver and decide the issue on grounds not properly argued by the parties. (*Hux v. Raben* (1967), 38 Ill. 2d 223, 225; *Midwest Bank & Trust Co. v. Village of Lakewood* (1983), 113 Ill. App. 3d 962, 973.) We will consider, therefore, whether, in the context of the small claims rules, plaintiff's complaint properly notified defendant of plaintiff's alleged status as subrogee and, if so, whether his complaint stated a legally cognizable cause of action.

On July 8, 1991, plaintiff, *pro se*, filed a one-page small claims form complaint in the circuit court of Lake County alleging that defendant was indebted to him in the amount of $1,203.44 for damages, that plaintiff demanded payment and defendant refused to pay. The complaint further included the parties' respective addresses and telephone numbers. After advising the court of an apparent difficulty with service of process, the trial court granted plaintiff leave to utilize a special process server and to file an amended complaint.

Plaintiff's "first amended complaint" alleged that on July 3, 1990, plaintiff was driving a 1982 Ford LTD automobile that was owned by Rachel E. Foerster and that "defendant struck the vehicle." The remaining allegations stated that, as a result of the accident, the Ford LTD's market value was decreased by $1,100; that Foerster incurred out-of-pocket costs of $30 for towing and $73.44 as an insurance surcharge; and, as a result of these losses, plaintiff was indebted to Foerster in the amount of $1,203.44. Attached to the complaint as an exhibit was an unsworn letter from Foerster to plaintiff enumerating the above losses and demanding prompt payment thereof.

Defendant, apparently without leave of court (see 134 Ill. 2d R. 287), filed a motion to dismiss plaintiff's complaint pursuant to section 2—615 of the Civil Practice Law (Ill. Rev. Stat. 1991, ch. 110, par. 2—615), alleging that plaintiff lacked standing to bring suit and that plaintiff failed to state a legally cognizable cause of action. In response to defendant's motion, plaintiff filed his "Objections to Defendant's Motion to Dismiss" wherein he stated that he was not the owner of the car, but that he borrowed it and "was held responsible for the damages caused by the defendant." Attached to his objections was an affidavit by Rachel Foerster stating that plaintiff had paid her

$1,203 for the damages arising out of plaintiff's use of her automobile. The trial court granted defendant's motion with prejudice as to plaintiff's claim for damages to his own property and without prejudice as to any other claim. Although the record is unclear, it appears that the trial court's order would have allowed plaintiff to amend his complaint to allege his standing as subrogee. Instead, plaintiff chose to stand on his amended complaint, and the trial court subsequently denied his motion to vacate the order granting dismissal. Plaintiff then appealed.

On appeal, plaintiff contends that the trial court's order granting defendant's motion to dismiss with prejudice demonstrated the court's "prejudice and bias towards" him. After providing a string of quotes on the law of subrogation, plaintiff concludes, in light of the quoted law and the fact that he attached an affidavit of Rachel Foerster to his "Objections to Defendant's Motion to Dismiss" and later attached, to his motion to vacate, an assignment of rights signed by Rachel Foerster, that he had standing to bring suit as a subrogee. Defendant responds that plaintiff's complaint was properly dismissed because it failed to allege sufficient facts showing: (1) a legal duty or breach thereof; or (2) the existence of the right to subrogation. In support of his argument, defendant directs our attention to section 2—403 of the Civil Practice Law (Ill. Rev. Stat. 1991, ch. 110, par. 2—403), which outlines technical pleading requirements for subrogees, and case law that recites pleading requirements for a negligence claim. Initially, we note that none of the cases cited by defendant were decided in the context of the small claims rules, and, accordingly, we find them unpersuasive.

■ It is well established that fact pleading is required in Illinois (*Adkins v. Sarah Bush Lincoln Health Center* (1989), 129 Ill. 2d 497, 518) and that a complaint at law must allege sufficient facts to bring a plaintiff's claim within the scope of a legally cognizable cause of action (*Adkins*, 129 Ill. 2d at 518; *Teter v. Clemens* (1986), 112 Ill. 2d 252, 256). Our supreme court, however, has established relaxed pleading requirements for small claims. (See, *e.g.*, 134 Ill. 2d R. 282.) The basic principle underlying the small claims provisions is that litigants with a minimum of legal expertise should be allowed to present their grievances to the trial court (*Megan v. L.B. Foster Co.* (1971), 1 Ill. App. 3d 1036, 1040) and that they should be provided with an expeditious, simplified and inexpensive procedure for the resolution of disputes involving small amounts (*Darwin Co. v. Sweeney* (1982), 110 Ill. App. 3d 331, 334).

If a complaint in a small claims action clearly notifies the defendant of the plaintiff's claim, it states a cause of action. (*Miner v. Bray* (1987), 160 Ill. App. 3d 241, 243.) For example, in *Griffin v. Billberry* (1971), 1 Ill. App. 3d 219, 221-22, the court held that a small claims complaint for negligence was not required to set forth facts which raise a duty, show a breach of that duty and resulting injury provided the complaint clearly notified defendant of the nature of plaintiff's claim. See also *Megan*, 1 Ill. App. 3d at 1038-39.

■■ In the present case, in light of the relaxed pleading requirements and the purpose underlying the small claims provisions, we conclude that plaintiff should be allowed to present his claim to the trial court. Although plaintiff's complaint does not meet the statutory requirements of section 2—403 or the well-established rule of fact pleading, it is our opinion that requiring a *pro se* litigant in a small claims action to adhere strictly to technical rules of pleading runs counter to the spirit and intent of the small claims rules. After taking into consideration plaintiff's original complaint, his first amended complaint and the affidavit of Rachel Foerster which was attached to plaintiff's objections to defendant's motion, we conclude that defendant was sufficiently notified of the nature of plaintiff's claim. Although plaintiff's amended complaint alleged only a conclusion that he was indebted to Foerster for damages arising from the auto accident and that the vehicle was owned by Foerster, when considered in conjunction with Foerster's affidavit that plaintiff paid her and the fact that defendant raised the issue of plaintiff's standing in her motion to dismiss, it is apparent that defendant was clearly notified that plaintiff was attempting to allege a right as subrogee to bring suit. We emphasize that we have determined only that plaintiff has properly notified defendant of his alleged status, and we make no determination as to whether plaintiff is a *bona fide* subrogee. Additionally, plaintiff's allegations that he was involved in an automobile accident with defendant and that he incurred damages as a result are sufficient to state a cause of action for negligence in small claims. See *Billberry*, 1 Ill. App. 3d at 221-22.

As noted in a similar context: "the small claims rules *** were designed to allow *pro se* litigants to obtain resolution of disputes in a quick, simple, and informal manner, unbridled by the technicalities and legal niceties which normally obtain in court proceedings." (*Darwin*, 110 Ill. App. 3d at 334.) Therefore, we hold that plaintiff should be entitled to have his claim alleging his status as subrogee heard before the trial court, and, accordingly, reverse that part of the order dismissing plaintiff's claim without prejudice.

Although, in the conclusion section of his brief, plaintiff requests this court to reverse "the trial court's dismissal with prejudice," it is apparent from his brief that the focus of plaintiff's appeal is on his status as subrogee. Therefore, it is unnecessary to consider whether the amended complaint set forth allegations sufficient to give plaintiff standing as an owner. However, it is evident from the allegations of plaintiff's complaint and the Foerster affidavit that he was not the owner of the vehicle and thus lacks standing in that regard. Therefore, the trial court's dismissal with prejudice of plaintiff's claim for recovery as an owner of the vehicle was proper. We find no support in the record for plaintiff's assertion that the trial court harbored "prejudice and bias" toward him.

For the foregoing reasons, we affirm that portion of the circuit court's order granting defendant's motion to dismiss with prejudice, and we reverse with respect to the remaining portion of the order, thus reinstating plaintiff's complaint.

Affirmed in part; reversed in part.

BOWMAN and NICKELS, JJ., concur.