2026 IL App (1st) 241729-U
Order filed: April 15, 2026

FIRST DISTRICT
THIRD DIVISION

No. 1-24-1729

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| SHALANDA LEWIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 2023 1121236 |
| | ) | |
| CARROLL RICE and KRYSTAL RICE, | ) | Honorable |
| | ) | Jasmine Hernandez, |
| Defendants-Appellants. | ) | Judge, presiding. |

_____

JUSTICE ROCHFORD delivered the judgment of the court.
Presiding Justice Martin and Justice Reyes concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We affirm the small claims judgment in favor of plaintiff and against her former landlord for the return of monies deducted from her security deposit. We dismiss a separate claim for lost wages and vacate the judgment entered on that claim.

¶ 2    Plaintiff, Shalanda Lewis, leased an apartment from defendants, Carroll and Krystal Rice. After the lease ended, defendants returned plaintiff's security deposit but deducted $448 for the cost of replacing the apartment's window air conditioning unit. Plaintiff filed a small claims action, seeking the recovery of the $448 deducted from the security deposit plus an additional $500 for "lost wages." After a bench trial at which only plaintiff appeared, the trial court entered judgment

for plaintiff on March 5, 2024, for the $448 deducted from the security deposit plus $470 in lost wages. On June 13, 2024, defendants filed a petition for relief pursuant to section 2-1401 of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2024)), claiming they never received notice of the trial. The trial court denied the section 2-1401 petition. Defendants appeal. We affirm the judgment for plaintiff for the $448 deducted from the security deposit. We dismiss the claim for lost wages and vacate the judgment entered on that claim.

¶ 3    The parties entered into the lease on June 1, 2021. The lease provides for a security deposit of $1325. Paragraph 10 states:

"At the termination of this Lease and upon surrender of the Premises, all fixtures, appliances and personal property of Landlord shall be in the same condition as they were on the Beginning Date, normal wear and tear excepted. Landlord may at its sole option use all or part of the Security Deposit (if any) to repair and/or replace any damage to Landlord's property caused either directly by Tenant or by Tenant's negligence."

¶ 4    In July 2021, plaintiff texted defendants that the window air conditioning unit was not working properly. Defendants subsequently purchased a new air conditioning unit for $448 and installed it in plaintiff's apartment.

¶ 5    In September 2023, after the lease ended, defendants sent plaintiff a "lease security deposit return letter" stating that they were deducting the $448 for "replacement of air conditioning unit" and returning the remaining balance of $877.13.

¶ 6    Plaintiff subsequently sent defendants texts demanding the return of the full amount of her security deposit under the lease. Plaintiff told defendants that the air conditioning unit is a real estate fixture belonging to them and therefore they were financially responsible for its replacement

cost. Plaintiff threatened to file suit unless her entire security deposit was returned to her. Defendants told her to talk to an attorney.

¶ 7     Plaintiff filed a *pro se* small claims complaint on September 29, 2023, which alleged that defendants owed her $448 plus lost wages in the amount of $500. Plaintiff did not otherwise expand upon the basis of her cause of action or explain why she was entitled to lost wages. Plaintiff filed a civil action cover sheet with the complaint, which checked off a box indicating that the complaint was for breach of contract. Plaintiff also filed a small claims summons informing defendants that they had been sued and must appear on November 20, 2023, at 9:30 a.m. for a Zoom hearing. The complaint and summons were served on defendants. Defendants acknowledge that they appeared at the hearing.

¶ 8     There is no transcript of the Zoom hearing from November 20, 2023. The record does not contain any order entered on that date.

¶ 9     The next order contained in the record is a "trial court order" signed by Judge Timothy Wright and dated March 5, 2024, with a preprinted box checked off indicating that plaintiff was in court that day but that defendants did not appear. The order entered judgment for plaintiff for $448 for reimbursement of the monies deducted from the security deposit plus an additional $470 in lost wages, for a total of $918.

¶ 10    On June 13, 2024, defendants filed a section 2-1401 petition stating that they were never given the opportunity to "argue their case" before the court. Defendants contended they were thereby deprived of their procedural due process rights and that "justice and fairness" require that the March 5, 2024, order be vacated.

¶ 11    On June 28, 2024, defendants presented the section 2-1401 petition to Judge Jasmine Hernandez, sitting in Judge Wright's stead. Defendants assert on appeal that no written order was

entered on the petition. However, the appellate record contains Judge Hernandez's written order from June 28, 2024, on defendants' petition, stating "Judgment to stand."

¶ 12 On July 1, 2024, defendants filed an "emergency motion" for rehearing of their section 2-1401 petition. In the emergency motion, defendants characterized the section 2-1401 petition as having asserted that they never received any notice that a trial would occur on March 5 and that this denial of notice and opportunity to be heard denied them procedural due process. Defendants argued that the court should grant rehearing of the section 2-1401 petition and vacate the March 5 judgment.

¶ 13 Defendants further argued in the emergency motion that plaintiff's complaint failed to adequately plead a legally recognized cause of action for return of the $448 security deposit plus $500 for lost wages and, as such, that the complaint was "subject to dismissal" pursuant to sections 2-615 and 2-619 of the Code (735 ILCS 5/2-615, 2-619 (West 2024)).

¶ 14 Defendants' emergency motion was set for a hearing on July 24, 2024, and rescheduled to July 26. Defendants contend that on July 26, 2024, they appeared before Judge Hernandez, who "immediately and abruptly ruled that 'the Judgment will stand.' " Defendants further contend that a written order was not entered on the motion. However, the record on appeal contains Judge Hernandez's written order on defendants' motion, dated July 26, 2024, which stated "Order entered 3/5/24 by Judge T. Wright to stand."

¶ 15 On August 30, 2024, defendants filed a motion to file a late notice of appeal from the March 5, 2024, order granting judgment for plaintiff on her complaint and from the June 28, 2024, order denying defendants' section 2-1401 petition. On December 2, 2024, we granted defendants' motion to file a late notice of appeal.

¶ 16    Plaintiff did not file an appellee's brief. On February 27, 2026, we entered an order taking the case on defendants' brief only. Our supreme court has held that where the record is simple and the claimed errors may be easily decided without the aid of an appellee's brief, the reviewing court may decide the merits of the appeal. *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

¶ 17    First, defendants contend that plaintiff's complaint was legally deficient as it failed to conform with Illinois Supreme Court Rule 282(a) (eff. Jan. 1, 2018), which sets forth the pleading standard for an action on a small claim. Rule 282(a) states that a small claims complaint should be "short and simple" and provide the parties' names and addresses and "the nature and amount of the plaintiff's claim, giving dates and other relevant information." *Id.* Also, if the claim is based on a written instrument, a copy thereof must be attached to the complaint. *Id.* Defendants contend that in violation of Rule 282(a), plaintiff's complaint failed to allege whether her claim sounds in contract or tort, failed to give any dates or relevant information, and did not attach any relevant written instruments. Therefore, defendants assert that plaintiff's complaint should have been dismissed under either section 2-615, section 2-619, or section 2-606 of the Code. 735 ILCS 5/2-606, 2-615, 2-619 (West 2024).

¶ 18    In small claims cases, motions to dismiss pursuant to section 2-619 may be made without prior leave of court. However, leave of court is required for the filing of dismissal motions under sections 2-615 and 2-606. See Ill. S. Ct. R. 287(b) (eff. Aug. 1, 1992). In the present case, defendants never sought leave of court to file a motion to dismiss pursuant to section 2-615 or section 2-606, nor did they file a section 2-619 motion. Defendants did not appear at trial to argue for dismissal, and they did not seek dismissal in their section 2-1401 petition. Defendants first argued for dismissal in their emergency motion for rehearing of the section 2-1401 petition,

contending that plaintiff's complaint failed to indicate any legally cognizable ground of liability against them and as such that the complaint should be dismissed under sections 2-615 and 2-619. They did not argue for dismissal under section 2-606.

¶ 19      Generally, a party may not raise new factual arguments or new legal theories for the first time in a motion for reconsideration (*Triumph Community Bank v. IRED Elmhurst, LLC*, 2021 IL App (2d) 200108, ¶ 48) or for the first time on appeal. *Mabry v. Boler*, 2012 IL App (1st) 111464, ¶ 15. However, our supreme court has held that the question of whether a complaint absolutely fails to indicate any legally cognizable ground of liability can be raised at any time, even on appeal. See *People v. Vincent*, 226 Ill. 2d 1, 8-9 (2007); *Adcock v. Brakegate, Ltd.*, 164 Ill. 2d 54, 61-62 (1994); *Wagner v. Kepler*, 411 Ill. 368, 371 (1951). Therefore, we will consider defendants' argument that plaintiff's small claims complaint failed to state a cause of action against them under any legally recognized ground of liability.

¶ 20      Illinois is a "fact-pleading" state, meaning that a complaint must allege sufficient facts bringing plaintiff's claim within the scope of a legally cognizable cause of action. *Adkins v. Sarah Bush Lincoln Health Center*, 129 Ill. 2d 497, 518 (1989). However, our supreme court has established relaxed pleading requirements for small claims. See Ill. S. Ct. R. 282(a) (eff. Jan. 1, 2018). "The basic principle underlying the small claims provisions is that litigants with a minimum of legal expertise should be allowed to present their grievances to the trial court [citation] and that they should be provided with an expeditious, simplified and inexpensive procedure for the resolution of disputes involving small amounts." *Tannenbaum v. Fleming*, 234 Ill. App. 3d 1041, 1043 (1992). A complaint in a small claims case need not plead all the elements essential to state a cause of action (*Toth v. England*, 348 Ill. App. 3d 378, 385 (2004)) and is sufficient as long as it clearly notifies defendant of the nature of plaintiff's claim. *Porter v. Urbana-Champaign Sanitary*

*District*, 237 Ill. App. 3d 296, 300 (1992). The small claims complaint is liberally construed (*id.*) and "in such cases a litigant, particularly a *pro se* litigant should be granted more leeway in misstatements or inaccuracies of pleading, proof, or legal interpretation than in other cases." *Mentzer v. Dudley*, 236 Ill. App. 3d 726, 729 (1992).

¶ 21    Thus, when considering the legal sufficiency of plaintiff's complaint in this small claims case, we must determine whether defendants were notified of the nature of plaintiff's claim against them. The record shows that the parties texted back and forth in September 2023 regarding the legality of defendants' decision to deduct $448 from the security deposit as reimbursement for the cost of replacing the window air conditioning unit in plaintiff's apartment. Plaintiff insisted that as the air conditioning unit belonged to defendants, they bore the responsibility of paying the entire $448 cost of its replacement and had no right under the lease to keep any portion of the security deposit. Defendants responded that plaintiff was financially responsible for the replacement of the unit, justifying the deduction of the replacement cost from the security deposit. Plaintiff threatened to "file a lawsuit seeking 2 times the security deposit as well as all court cost[s] and attorney fees." Defendants encouraged her to "seek legal advice." Plaintiff responded that she "will see you in court." Plaintiff then filed her small claims complaint on September 29, 2023, seeking recovery against defendants for $448, which is the exact amount of monies defendants deducted from the security deposit for the replacement of the air conditioning unit. The civil action cover sheet filed with the complaint checked off a box stating that the complaint was for breach of contract.

¶ 22    On this record, defendants were clearly on notice as of the date of the complaint that plaintiff was disputing their right under the lease to retain $448 of the security deposit to cover the cost of replacing the air conditioning unit. Giving the complaint the liberal construction suitable for small claims cases and granting the *pro se* plaintiff "leeway" in pleading (*id.*), we find that

defendants were sufficiently notified that they were being sued under a theory of breach of contract for the return of the $448 deducted from the security deposit. Under the relaxed pleading standards applicable in small claims cases, plaintiff's complaint sufficiently stated a legally recognized cause of action.

¶ 23   However, plaintiff's complaint also sought the return of an additional $500 for "lost wages" without setting forth any underlying facts supporting that claim or asserting any theory of recovery. Unlike the claim for the $448 deducted from her security deposit, there is no indication that plaintiff ever texted or otherwise notified defendants about her lost wages prior to the filing of the complaint. On this record, even under the relaxed pleading standards applicable in small claims cases, plaintiff's complaint failed to notify defendants of the nature of her claim for $500 in lost wages and thus failed to state a legally cognizable cause of action. Under our authority under Rule 366 (Ill. S. Ct. R. 366 (eff. Feb. 1, 1994)) to "enter any judgment and make any order that ought to have been given or made," we dismiss plaintiff's claim for $500 in lost wages. As plaintiff's complaint for lost wages failed to state a legally cognizable cause of action, the court's subsequent judgment for $470 in lost wages cannot stand. We vacate the $470 judgment in favor of plaintiff.

¶ 24   Next, defendants argue that their procedural due process rights were violated when the court conducted a trial and entered judgment in favor of plaintiff on March 5, 2024, without giving them any notice of the trial or an opportunity to be heard. In support, defendants note that the common law record contains no notice, certificate of service, or other evidence that they were informed that a trial would occur on March 5. In the absence of such notice, defendants contend that the judgment entered against them is void. Defendants also argue that the court should have rectified its error by granting the section 2-1401 petition and vacating the judgment.

¶ 25      Defendants' argument relies on the lack of any evidence in the record that they were notified of the March 5, 2024, trial date. However, we note that the record on this issue is not complete, because there was a pretrial hearing held on November 20, 2024, at which defendants appeared but for which no transcript is provided. The trial was conducted less than four months later. On this incomplete record, the possibility exists that the court set the case for trial during the November 20 hearing, thereby providing defendants with the requisite notice. To determine whether the court set the case for trial during the November 20 hearing, we need to be provided with either the transcript of the hearing or an acceptable substitute under Rule 323 (Ill. S. Ct. R. 323 (eff. July 1, 2017)). As the appellants, defendants bear the burden of providing a sufficient record to review their claim of error. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984). In the absence of a complete record, we presume that the order entered by the trial court was in conformity with the law and had a sufficient factual basis. *Id.* at 392. The fact that this case originated from a small claims action does not change or alleviate defendants' burden of providing us with a sufficient record for review. See *Northern Illinois Gas Co. v. Murphy Excavating*, 212 Ill. App. 3d 486, 489 (1991). Defendants' failure to provide us with a sufficient record requires us to presume that at the November 20 hearing the court notified defendants of the March 5 trial date, thereby affording them procedural due process.

¶ 26      Finally, defendants argue that the trial court's refusal to enter written orders memorializing its oral rulings on June 28, 2024, and July 26, 2024, denied them due process by obstructing appellate review. As discussed previously, the record on appeal contains the requisite written orders from June 28, 2024, and July 26, 2024. Our appellate review was not obstructed, and defendants were not denied any due process.

¶ 27    For all the foregoing reasons, we affirm the portion of the judgment awarding plaintiff $448 as reimbursement for the monies deducted from the security deposit. We dismiss the claim for lost wages and vacate the judgment entered on that claim.

¶ 28    Affirmed in part, dismissed in part, and vacated in part.