KAZIMIERZ DOBROWOLSKI, Plaintiff-Appellee, *v.* FRANK LaPORTE, Defendant-Appellant.

First District (3rd Division)   No. 61979

Opinion filed May 6, 1976.

Peter F. Geraci, of Chicago, for appellant.

No brief filed for appellee.

Mr. PRESIDING JUSTICE MEJDA delivered the opinion of the court:

Frank Leonard Laport, sued as Frank LaPorte, defendant, appeals from a judgment entered in favor of plaintiff, Kazimierz Dobrowolski. He contends that the trial court erred in refusing to quash the service of summons and in entering judgment for the plaintiff.

The record indicates that plaintiff filed a *pro se* complaint alleging that defendant was indebted to him in the sum of $260 for services rendered in reupholstering defendant's furniture. The complaint stated that defendant lived at 3339 South Halsted Street, Chicago, and that plaintiff lived at 1424 West Taylor Street, Chicago. Stapled to the complaint was a

postal return receipt for certified mail which requested the United States Postal Service to "deliver [the envelope] only to the addressee and show to whom and date delivered." The receipt also indicated that the envelope containing the complaint and summons was addressed to F. Laport who purportedly signed the receipt on September 24, 1974. The summons was returnable on October 18, 1974. The signed receipt showing service on the defendant was returned to the Clerk of the Circuit Court of Cook County. This procedure was in general conformity with the Illinois Supreme Court Rules pertaining to small claims (Ill. Rev. Stat. 1973, ch. 110A, pars. 281-284).

Defendant filed a special appearance and a motion to quash the service of summons, asserting the service was fatally defective because he did not personally sign the return receipt. The motion was supported by an affidavit of Susan V. Calderone, stating that she was an employee of Frank Leonard Laport, Ltd., a professional corporation; that it was her general practice to sign "Frank Laport" to mail coming into the firm which was not to be delivered to addressee only; that she was the agent of the professional corporation, and not Frank Laport, individually; and that she "did in fact sign a return receipt for certified mail summons in the above captioned cause, although it was labeled 'deliver to addressee only' and was deliverable to FRANK LAPORT, and not FRANK LEONARD LAPORT, LTD., a professional corporation." The trial court denied defendant's motion to quash the service of summons and entered an *ex parte* judgment in favor of plaintiff. Defendant contends the service of summons was fatally defective because he did not personally sign the return receipt card. Reference is made to the Historical and Practice Notes to Supreme Court Rule 284, which state in pertinent part:

> "It was the intention of the Illinois Supreme Court Rules Committee to require delivery to the addressee (defendant) only, so as to avoid in the pilot operation of the rule all questions of agency to sign the return receipt and all questions if delivery is refused. The rule should be read with this intention in mind." Ill. Ann. Stat. ch. 110A, §284, at 323 (Smith-Hurd 1968).

General Order No. 72-8(M) of the Municipal Department of the Circuit Court of Cook County, effective May 15, 1972, *inter alia* adopted rules for its Special Pro Se Branch of Small Claims Court, including Rule 3, which states in pertinent part:

> "Service of a complaint is to be accomplished by any means presently applicable to the regular small claims branch. Service by certified mail, return receipt requested, addressee only, is suggested."

The foregoing rule of the Circuit Court is by its terms merely suggestive

and not mandatory. However, a plain reading of Supreme Court Rule 284 does not require delivery to the addressee (defendant) only. The relevant provisions provide:

"(b) The clerk forthwith shall mail to the defendant, at the address appearing in the affidavit, the copy of the summons and complaint, certified mail, return receipt requested. The envelope and return receipt shall bear the return address of the clerk, and the return receipt shall be stamped with the docket number of the case. The receipt for certified mail shall state the name and address of the addressee, and the date of mailing, and shall be attached to the original summons." Ill. Rev. Stat. 1973, ch. 110A, par. 284(b).

■■ Relying on *International Shoe Co. v. Washington* (1945), 326 U.S. 310, 90 L. Ed. 95, 66 S. Ct. 154, and *McGee v. International Life Insurance Co.* (1957), 355 U.S. 220, 2 L. Ed. 2d 223, 78 S. Ct. 199, defendant concedes that service by registered or certified mail is permissible when the defendant is a nonresident or is a foreign corporation doing business in the State, but contends that where defendant is a resident of the State he should receive actual notice. This position is erroneous. Notice by mail has not been deemed constitutionally improper where the party to be notified may have resided in the State in which the contested activity arises. See *Mullane v. Central Hanover Bank & Trust Co.* (1950), 339 U.S. 306, 94 L. Ed. 865, 70 S. Ct. 652; *Schroeder v. City of New York* (1962), 371 U.S. 208, 9 L. Ed. 2d 255, 83 S. Ct. 279.

■■ ■ It must be recognized that the rules governing small claims actions are designed to provide an expeditious as well as a simplified and inexpensive procedure for the handling of small claims. (*Wroclawski v. Waszczyk* (1976), 35 Ill. App. 3d 408, 342 N.E. 2d 261; *Maxcy v. Frontier Ford, Inc.* (1975), 29 Ill. App. 3d 867, 872, 331 N.E. 2d 858.) Moreover, had the Supreme Court intended to impose a limitation as to who may sign the certified receipt it would have been simple to do so as in Supreme Court Rule 105(b)(2) (Ill. Rev. Stat. 1973, ch. 110A, par. 105(b)(2)) and as the legislature did in section 10 of the Landlord and Tenant Act (Ill. Rev. Stat. 1973, ch. 80, par. 10). We therefore conclude that under the circumstances, service was properly effected.

■■ Contrary to defendant's contention, the requisites of due process are satisfied if the manner of effecting service of summons gives reasonable assurance that notice will actually be given and the person against whom the action is brought is given time to appear and defend on the merits. In *People ex rel. Loeser v. Loeser* (1972), 51 Ill. 2d 567, 571-572, 283 N.E.2d 884, *cert. denied*, 409 U.S. 1007, 34 L. Ed. 2d 299, 93 S. Ct. 436, respondents contended that a rule of the Indiana Rules of Trial Procedure providing for service of process by registered or certified mail offended due process in that "restricted mail delivery" was not required.

The court there held that service of process by "sending a copy of the summons and complaint by registered or certified mail or other public means by which a written acknowledgment of receipt may be requested and obtained to his residence, place of business or employment with return receipt requested and returned showing receipt of the letter" met the requisites of due process for the service of summons. To the same effect is *Mullane v. Central Hanover Bank & Trust Co.* (1950), 339 U.S. 396, 314, 94 L. Ed. 865, 873, 70 S. Ct. 652. The foregoing requirements for due process are met by the provisions of Supreme Court Rules 281 to 284, inclusive (Ill. Rev. Stat. 1973, ch. 110A, pars. 281 to 284, inclusive).

The record clearly indicates that defendant had actual notice of the service of summons and of the pendency of the proceedings and was given ample time to appear and defend on the merits. *(People ex rel. Loeser v. Loeser.)* This is not contested by defendant. His argument is limited to the alleged fact that an employee of Frank Leonard Laport, Ltd., a professional corporation with which the defendant is associated, signed the return receipt for the summons served by certified mail, and that he did not personally sign the return receipt. Having concluded that the service of summons was proper, we do not find that defendant was denied due process of law.

The judgment of the circuit court of Cook County is affirmed.

Affirmed.

DEMPSEY and McGLOON, JJ., concur.