JEFFREY RYAN *et al.*, Plaintiffs and Counterdefendants-Appellees, *v.* LEONARD BENING, d/b/a Bening Real Estate, *et al.*, Defendants.—(STEVEN L. FINDLEY *et al.*, Defendants and Counterclaimants-Appellants.)

Fifth District   No. 78-128

Opinion filed November 16, 1978.

Brazitis & Croegaert, of Olney (Paul A. Croegaert, of counsel), for appellants.

William G. Schwartz, of Hunter & Schwartz, of Carbondale, for appellees.

Mr. JUSTICE KARNS delivered the opinion of the court:

Defendants, Steven and Kimberlee Findley appeal from a judgment of the Circuit Court of Jackson County dismissing their counterclaim against plaintiffs Jeffrey and Dorothy Ryan, and entering a default judgment of $500 plus costs against them and in favor of the plaintiffs. On

appeal, defendants contend that the dismissal of their counterclaim and entry of default judgment against them was error because the plaintiffs never sought specific relief from them in their complaint.

On July 6, 1977, Jeffrey and Dorothy Ryan instituted a small claims action in the Circuit Court of Jackson County against Leonard Bening, d/b/a Bening Real Estate and Marjorie Crawley, a real estate sales person employed by Bening, seeking recovery of $575 which included costs and attorney's fees. In their complaint, the Ryans alleged that Crawley had obtained money from them by false pretenses and misrepresentation while acting as a salesperson for Bening Real Estate. Thereafter, on August 19, 1977, the Illinois Department of Registration and Education filed a motion to intervene together with a petition to add Steven and Kimberlee Findley as parties defendant. The Department's motion and petition recited that the plaintiffs' action constituted a potential claim against the Illinois Real Estate Recovery Fund (Ill. Rev. Stat. 1975, ch. 114½, par. 108.1 *et seq.*) and that its intervention was necessary to protect its interest in the fund. The petition further recited that the sum sought to be recovered was held in escrow by Bening Real Estate and Marjorie Crawley as agents of the Findleys pursuant to a written contract between the Findleys and the plaintiffs and that the addition of the Findleys as parties defendant was necessary in order to resolve all rights and interests in and to the escrow fund.

On October 3, 1977, the trial court entered an order granting the Department's motion to intervene and petition to add as parties defendant Steven and Kimberlee Findley. On that date, an entry of appearance was filed on behalf of the Findleys together with a counterclaim against the plaintiffs in which they alleged that the Ryans had failed to perform the obligations imposed upon them by a written contract to purchase certain real estate of the Findleys. In their counterclaim, the Findleys sought recovery of $500, which had been placed by the plaintiffs in escrow with Bening Real Estate and Marjorie Crawley pursuant to the real estate contract. At the time of the filing of their counterclaim the Findleys were residents of Largo, Florida.

On November 2, 1977, plaintiffs filed a notice requiring the appearance of the Findleys at the forthcoming trial for examination under section 60 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 60). Thereafter, the Findleys, through local counsel, filed a motion asking the trial court to fix terms for their examination, including the payment of reasonable expenses pursuant to Supreme Court Rule 237 (Ill. Rev. Stat. 1975, ch. 110A, par. 237), or in the alternative for an order requiring that alternative means of furnishing evidence, such as written interrogatories or depositions on written questions, be utilized. The motion was subsequently denied and the Findleys were notified by the trial court that the cause was set for trial on December 12, 1977.

When the case was called for trial on December 12, 1977, neither the Findleys nor their attorney appeared. The trial court dismissed the counterclaim of the Findleys and entered a default judgment against them in the amount of $500 plus costs after finding that they had entered their appearance as parties defendant, had been notified to appear in person at trial for the purpose of being examined by an adverse party and that they had failed to appear for trial after having been notified by the court. The trial court, however, heard no evidence tending to prove plaintiffs' claim against the Findleys. The trial court also dismissed the plaintiffs' complaint against defendants Bening and Crawley pursuant to a motion by the plaintiffs.

The Findleys contend, citing section 34 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 34), that the trial court erred in allowing the plaintiffs to recover against them based on the theory framed in their complaint. They point out that the allegations in the plaintiffs' complaint were directed against defendants Bening and Crawley who held the escrow fund. It is the Findleys' position that for the plaintiffs to prevail against them they should have necessarily amended their complaint naming the Findleys as parties defendant and seeking recovery from them. The Findleys also maintain that they were brought into the action as third-party defendants pursuant to section 25 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 25) and that contrary to the requirements of this section the plaintiffs failed to file an appropriate pleading asserting a claim against them.

■■ Responding to the defendants' contentions, the plaintiffs first argue that the Findleys were principal defendants to the action and not third-party defendants as they now claim. We agree. The Findleys were added as defendants to the action pursuant to the petition of the intervenor, Illinois Department of Registration and Education. In the Department's petition, the court's order adding them as parties and in their entry of appearance, the Findleys are referred to as defendants. The Findleys never challenged the court's order adding them as parties to the action nor did they ever object to being termed defendants rather than third-party defendants. From the Department's petition, it appears that the joinder of the Findleys was necessary to make a complete determination or settlement of the question as provided by section 24 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 24).

■■ Regarding the sufficiency of their complaint, the plaintiffs argue that the technical deficiencies raised by the defendants do not apply inasmuch as the instant case was a small claims action. We are mindful that the rules governing small claims actions were designed to provide an expeditious, inexpensive and simplified procedure for the handling of such claims (*Johnston v. Suckow*, 55 Ill. App. 3d 277, 370 N.E.2d 650 (5th Dist. 1977); *Dobrowolski v. LaPorte*, 38 Ill. App. 3d 492, 348 N.E.2d 237 (1st

Dist. 1976)). Supreme Court Rule 282 (Ill. Rev. Stat. 1975, ch. 110A, par. 282) provides that a small claims action may be commenced by filing a short and simple complaint setting forth the nature and amount of the plaintiffs' claim, and where it clearly notifies the defendants of the nature of the plaintiffs' claim, it states a cause of action. (*Griffin v. Billberry,* 1 Ill. App. 3d 219, 273 N.E.2d 693 (2d Dist. 1971).) The Findleys did not challenge the sufficiency of the plaintiffs' complaint below and, once joined as parties defendant, they were apparently aware of the nature of the plaintiffs' claim inasmuch as they filed a counterclaim seeking recovery of the same escrow fund sought by the plaintiffs.

■■ While we are willing to accept plaintiffs' argument that the Findleys were principal defendants, we cannot agree that the entry of the default judgment was proper. The trial court erred in entering a default judgment against the Findleys based on their failure to appear at trial when they had previously made an appearance and filed a counterclaim against plaintiffs and when no evidence was taken tending to prove plaintiffs' allegations. (*Broncata v. Timbercrest Estates, Inc.,* 100 Ill. App. 2d 49, 241 N.E.2d 569 (1st Dist. 1968).) The general rule is that once a defendant appears and places in issue the allegations in the complaint a trial court cannot enter a default judgment merely because defendant failed to appear at trial. A plaintiff must proceed to prove his claim as if the defendant had been present to try the case. (*Broncata v. Timbercrest Estates, Inc.; Wacker v. Young,* 172 Ill. App. 255 (1912).) Although this suit is in small claims court rather than circuit court, it does not alter the requirement of presenting proof of the allegations contained in the complaint. In fact, the use of short and simplified complaints in small claims court makes it more compelling that plaintiffs prove their case at trial as it is often difficult to determine the nature of the claim from the face of the complaint. In the present controversy, we find nothing in the pleadings or at trial to indicate that the Findleys committed a breach of the sales contract or committed any wrongful act. In addition, the Findleys' general appearance and counterclaim had the effect of denying any of plaintiffs' allegations. Therefore, in the absence of any evidence presented at trial tending to prove plaintiffs' claim, the trial court erred in entering a default judgment against the Findleys. We note, however, that although the entry of the default judgment was improper, the trial court committed no error in dismissing the Findleys' counterclaim.

Accordingly, the judgment of the Circuit Court of Jackson County is reversed and remanded for proceedings consistent with the above opinion.

Reversed and remanded.

JONES and G. J. MORAN, JJ., concur.