THE PEOPLE *ex rel.* NEIL F. HARTIGAN, Attorney General, Plaintiff-Appellee, v. ORGANIZATION SERVICES CORPORATION *et al.*, Defendants-Appellants.

First District (3rd Division)   No. 85—2287

Opinion filed September 17, 1986.

Rosenfeld, Rotenberg, Schwartzman, Hafron & Shapiro, of Chicago (Norman L. Hafron and Alan M. Goldberg, of counsel), for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart and Rita M. Novak, Assistant Attorneys General, of Chicago, of counsel), for appellee.

JUSTICE WHITE delivered the opinion of the court:

Defendant David Zucker appeals from an order of the circuit court finding him in contempt of court and entering a default judgment against him.

The Attorney General brought this action against Organization Services Corporation, a dissolved Massachusetts corporation, OSC Corporation (OSC), and David Zucker, in his individual capacity and as president of OSC, alleging violations of the Illinois Charitable Solicitations Act (Ill. Rev. Stat. 1983, ch. 23, par. 5101 *et seq.*), the Business Corporation Act (Ill. Rev. Stat. 1983, ch. 32, par. 157.125), and the Assumed Business Name Act (Ill. Rev. Stat. 1983, ch. 96, pars. 4, 8). In addition, plaintiff filed a petition for a temporary restraining order and preliminary injunction.

On March 26, 1984, the circuit court entered a preliminary injunction against David Zucker and OSC, which prohibited any person acting on their behalf from soliciting funds for charitable purposes within the State of Illinois. It barred them, their agents, employees, assigns, servants and anyone acting in concert or participation with them from removing from Illinois any assets collected by means of charitable solicitations. The injunction further required Zucker and OSC to turn over all books, records and relevant materials located in Illinois.

On September 7, 1984, plaintiff filed a petition for a rule to show cause why David Zucker and OSC should not be held in contempt for failure to turn over books, records and materials in violation of the preliminary injunction. On November 13, 1984, plaintiff filed an amended petition that specified which materials were withheld. On November 28, 1984, plaintiff filed a second petition for a rule to show cause why Zucker and OSC should not be held in contempt which alleged that they had continued to solicit funds from the Chicago office. After several continuances, initiated by both parties, the court scheduled hearings on the amended and second petitions for June 20, 1985, and ordered the parties to have witnesses present and ready to testify.

On June 17, 1985, three days before the scheduled hearing, plaintiff served David Zucker with a notice for appearance at trial. Two days later, Zucker moved to strike the notice. Zucker's counsel pointed out that the notice had been served only a short time before the hearing, and stated that he had not been able to contact Zucker.

The court denied the motion to strike, and the case proceeded to hearing on June 20, 1985. On that date plaintiff presented evidence which showed that suite 301 at 109 North Dearborn, Chicago, was leased by Vanguard Publishing Corporation.

Robert Jones testified that in October and November of 1984 he worked out of suite 301 when he was employed by Troopers Benefit Association. He was a telephone solicitor who sold advertisement space in the Troopers Benefit Association's magazine. According to Jones, the advertisement revenues were received at the Dearborn Street office and were sent to Boston. Jones' direct supervisor was David Wilburn, who, in turn, reported to Ed Tabichini.

Ed Tabichini testified that he worked for OSC Corporation from June 1982 until January 1985, first as a sales manager and later as regional manager. During the summer and fall of 1984, Tabichini visited OSC's offices in Belleville and on Dearborn Street in Chicago. Tabichini further testified that he knew that advertisements were being solicited from the Chicago office on behalf of the Troopers Benefit Association for a magazine called "The Illinois Trooper."

Tom Stavropoulos, an accounting clerk in the Illinois Attorney General's office, testified that on August 29, 1984, he visited the Dearborn Street office. Stavropoulos further testified that he had seen a "Trooper" logo on the premises.

Plaintiff introduced the articles of incorporation of Vanguard Publishing Company issued by the State of Virginia which showed David Zucker to be the company's sole shareholder. Zucker and OSC objected because plaintiff earlier had failed to produce the articles in response to their discovery request. The circuit court overruled the objection on the ground that the articles were in their control.

Zucker and OSC raised hearsay objections to the introduction of Robert Jones's testimony concerning the written guidelines, index cards and sales-lead cards he used in soliciting customers, and to Tom Stavropoulos's observation that he had seen a "Trooper" logo in the Dearborn Street office. The court overruled the objections.

Plaintiff rested its case. Plaintiff then reminded the court that Zucker's notice to appear was outstanding and then called for Zucker as a witness. Zucker's counsel objected on the ground that plaintiff had rested. Since a notice for his appearance at trial had been served on Zucker and he was not present, plaintiff moved for sanctions, requesting the court to strike Zucker's responses to the petitions and to find him in default. Zucker's counsel objected, asserting that Zucker had obtained other counsel in Boston who could not be present because he had received such short notice. Zucker further objected to

the severity of the sanction.

Hearing on plaintiff's motion for sanctions resumed on June 28. David Zucker did not appear. The court struck Zucker's answer to plaintiff's second amended petition for a rule and found him in default. On July 5, 1985, the court entered an order of contempt against Zucker. It found that he had continued to solicit funds in Illinois in violation of the preliminary injunction, and entered an order fining him $500 and sentencing him to six months' incarceration. The court denied both petitions as to OSC and denied the amended petition as to Zucker. On July 15, 1985, the court entered an order of commitment against Zucker.

On appeal, David Zucker claims that the trial court erred in entering an order of contempt and default judgment against him, and challenges the admissibility of evidence introduced, over his objections, at the hearing.

■■ ■ Defendant first argues that the evidence offered to show that he had violated the preliminary injunction was insufficient to find him in contempt of court. Defendant was held in indirect criminal contempt, and received a punitive sanction. It was therefore necessary for plaintiff to prove defendant was guilty beyond a reasonable doubt. (*People v. Ziporyn* (1984), 121 Ill. App. 3d 1051, 1056, 460 N.E.2d 385.)

> "The only issue involved in a contempt proceeding alleging violation of an injunction is whether the injunction has been violated." (*People ex rel. Illinois State Dental Society v. Norris* (1979), 79 Ill. App. 3d 890, 899, 398 N.E.2d 1163.)
>
> "An injunction remains in full force and effect until it has been vacated or modified by the court which granted it or until the order or decree awarding it has been set aside on appeal. *** Such a decree or order must be obeyed, even if erroneous, until it is overturned or modified by orderly processes of review." (79 Ill. App. 3d 890, 895, 398 N.E.2d 1163.)

At the contempt hearing, Ed Tabichini, an employee of Vanguard Publishing, testified he helped David Zucker set up Trooper's Benefit Association after the March 26, 1984, preliminary injunction was granted. Robert Jones also testified that he was a solicitor for Trooper's Benefit Association, and that he reported to David Wilburn, who, to his knowledge, reported to Ed Tabichini.

■■ We feel that there is ample evidence in the record from which the trial court could conclude, beyond a reasonable doubt, that David Zucker and his employees violated the injunction and continued to engage in solicitation activities. Defendant contends that plaintiff proved

that Vanguard Publishing Corporation, of which Zucker was sole shareholder, leased an office from which charitable solicitations were conducted, but did not show that Zucker himself acted in violation of the injunction. However, a corporation with only one stockholder will be treated as his alter ego. In such cases, the courts will deal with the substance of the transaction involved as if the corporate agency did not exist. *Chicago-Crawford Currency Exchange, Inc. v. Thillens, Inc.* (1964), 48 Ill. App. 2d 366, 373, 199 N.E.2d 295.

■ Wilful contempt is an issue of fact, and the trial court's determination will not be disturbed on review unless there is a clear abuse of discretion. (*People ex rel. Fahner v. Colorado City Lot Owners & Taxpayers Association* (1982), 108 Ill. App. 3d 266, 276, 438 N.E.2d 1273.) We do not believe that the evidence was so improbable, unsatisfactory or inconclusive as to raise a reasonable doubt of guilt, and find no abuse of the trial court's discretion.

■ Defendant next argues that the trial court abused its discretion by entering a default judgment against him because of his failure to appear and testify pursuant to notice served upon him under Supreme Court Rule 237 (87 Ill. 2d R. 237). Rule 237(b) provides:

"The appearance at the trial of a party or a person who at the time of trial is an officer, director, or employee of a party may be required by serving the party with a notice designating the person who is required to appear. *** Upon a failure to comply with the notice, the court may enter any order that is just, including any order provided for in Rule 219(c) that may be appropriate."

"The particular sanction imposed rests largely within the trial court's discretion, the exercise of which will not be disturbed absent an abuse of discretion, and the burden is on the offending party to establish that his failure to comply was justified by extenuating circumstances." *Quarles v. Nationwide Insurance Co.* (1978), 66 Ill. App. 3d 455, 465, 383 N.E.2d 1234.

■ One of the sanctions provided by section 219(c) is the entry of a default judgment against the offending party. (87 Ill. 2d R. 219(c)(v).) We realize that where a defendant has appeared and placed in issue the allegations in the complaint, a trial court cannot enter a default judgment merely because defendant failed to appear at trial. Plaintiff must proceed to prove his claim as if defendant had been present to try the case. (*In re Marriage of Garde* (1983), 118 Ill. App. 3d 303, 307, 454 N.E.2d 1065; *Ryan v. Bening* (1978), 66 Ill. App. 3d 127, 131, 383 N.E.2d 681.) However, we believe that this condition has been satisfied in the instant case. At the June 20 *ex parte* hear-

ing, plaintiff proved his claim that defendant knowingly violated the preliminary injunction order. Therefore, we believe that the order entering a default judgment against Zucker at the close of the evidence was well within the discretion of the trial court.

■ Defendant next argues that the trial court improperly admitted hearsay evidence on two occasions during the contempt hearing. Defendant first objects to the testimony of Tom Stavropoulos, who, when shown a certified copy of the "Trooper" trademark, testified that he had seen the same logo on the Dearborn Street premises. Defendant also objects to Robert Jones' testimony describing the sales guidelines and the index cards which bore the names, addresses and telephone numbers of potential customers that he used for solicitations.

With regard to Stavropoulos's testimony, we find no hearsay. "An out-of-court declaration offered as proof of the matter asserted therein is hearsay and is inadmissible." (*Goshey v. Dunlap* (1973), 16 Ill. App. 3d 29, 34, 305 N.E.2d 648.) "However, when the out-of-court statement is used not as evidence of the fact asserted, but as circumstantial evidence for another purpose, the hearsay rule does not apply." (16 Ill. App. 3d 29, 34, 305 N.E.2d 648; see also *People v. Anderson* (1978), 65 Ill. App. 3d 783, 382 N.E.2d 831.) Here Stavropoulos testified that he observed a "Trooper" logo in the Dearborn Street office. Plaintiff elicited this testimony in order to establish a connection between Zucker and the Dearborn Street office. Its purpose was not to establish the truth of the content of the logo. Similarly, Jones' testimony as to the guidelines and index cards was not hearsay because it was not introduced for the truth of the matter stated therein, but to describe the type of work he was engaged in. Thus, the trial court properly overruled defendants' objections to the testimony of these two witnesses.

■ Zucker next argues that the trial court improperly admitted the articles of incorporation of Vanguard Publishing Corporation into evidence. Zucker claims that plaintiff failed to produce the document pursuant to discovery and he was thereby prejudiced in the preparation of his defense. Such failure to produce may serve as basis for the sanction of exclusion of the evidence at trial. (*Harris v. Faultfinders, Inc.* (1981), 103 Ill. App. 3d 785, 790, 431 N.E.2d 1205.) Plaintiff, however, argues that the articles of incorporation were in defendant's control and should have presented no surprise to him.

Impositions of sanctions for a party's noncompliance with discovery rules is a matter within the trial judge's discretion. (*Hengels v. Gilski* (1984), 127 Ill. App. 3d 894, 903, 469 N.E.2d 708.) This discre-

tion is broad, and will not be disturbed unless abused. (127 Ill. App. 3d 894, 903, 469 N.E.2d 708.) Here, undoubtedly Zucker knew that he was the sole shareholder of Vanguard Publishing. The trial court had an opportunity to consider such factors as surprise, good faith and potential prejudice. We believe that the trial court acted within its discretion in admitting the articles of incorporation into evidence over Zucker's objection.

Accordingly, we affirm the decision of the trial court.

Affirmed.

RIZZI, P.J., and McGILLICUDDY, J., concur.