RALPH W. SHANKLAND, Plaintiff-Appellant, v. MORRIS LANG *et al.*, Defendants-Appellees.

Third District No. 3—88—0342

Opinion filed February 28, 1989.

Louise B. Bigott, of Kankakee, for appellant.

Robert J. Baron, of Rooks, Pitts & Poust, of Joliet (Pamela Davis, of counsel), for appellees.

JUSTICE STOUDER delivered the opinion of the court:

The plaintiff, Ralph Shankland, appeals from the judgment of the circuit court of Kankakee County, denying his petition for relief from a final judgment, filed pursuant to section 2—1401 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 1—101 *et seq.*). Shankland filed his medical malpractice action against the defendants, Morris Lang and Richard Stoval, on May 21, 1984. The defendants filed their appearance and answer along with interrogatories, and the case was called for a pretrial conference on October 25, 1984. Defense counsel appeared for the conference, but plaintiff's counsel did not. Thereupon, on its own motion, the trial court dismissed the case for want of prosecution.

On June 12, 1985, defendants filed a motion to compel answers to interrogatories. At the hearing on the defendants' motion on June 14, 1985, the plaintiff did not appear, and the court entered an order granting the defendants' motion. The plaintiff did not comply with

that order, and defendants filed a motion for sanctions on October 24, 1985. Thereafter defense counsel appeared in court on November 7, 1985, and an order was entered by agreement of the parties, giving the plaintiff 14 days to answer the defendants' interrogatories and request for production, and ordering the plaintiff to pay costs and fees of $240 within seven days. When the plaintiff failed to comply with this order, the defendants filed a second motion for sanctions. At the hearing on their motion on January 16, 1986, the defendants asked the court to dismiss the plaintiff's action for failure to comply with a discovery order. The court concluded that it could not enter such a dismissal since the case had already been dismissed for want of prosecution on October 24, 1984, and that the case had never been reinstated.

On November 2, 1987, the plaintiff, by another attorney, filed a motion to reinstate the complaint. He thereafter filed an amended motion to reinstate the complaint and then filed a motion to supplement the amended motion. The plaintiff also tendered the sum of $240, representing the costs assessed on November 7, 1985. The defendants, in response, filed a motion to dismiss. After a hearing on the defendants' motion to dismiss, the trial court denied the plaintiff's motion to reinstate the complaint. The plaintiff then brought this appeal.

The problem in this case arises because of the events following the dismissal for want of prosecution. The dismissal apparently was not noted by defense counsel or acknowledged by plaintiff's counsel, because the parties in November of 1987 had an order entered by agreement pertaining to the plaintiff's answering interrogatories and paying sanctions.

■ ■ We agree with the defendants' assertion that it is the duty of every litigant to follow the progress of his case. We note, however, that this duty was overlooked by both parties. Indeed, had the defendants complied with this duty, they should not have filed motions to compel answers to interrogatories and motions for sanctions after the case had been dismissed for want of prosecution. Because such motions were filed, the proceedings continued inconsistently with the court's prior judgment, thereby revesting the trial court with jurisdiction. (*People v. Kaeding* (1983), 98 Ill. 2d 237, 240-41, 456 N.E.2d 11, 14.) Under these circumstances, there was no basis for the trial court to grant or deny the plaintiff's petition to reinstate the cause as it had been reinstated by the actions of the parties. (See *Ridgely v. Central Pipe Line Co.* (1951), 409 Ill. 46, 50, 97 N.E.2d 817, 820.) Therefore, since at the time the court ruled on plaintiff's petition there was

no dismissal judgment to be vacated, the court's order represented a decision regarding a nonexistent judgment. Accordingly, we vacate the judgment of the circuit court of Kankakee County and remand the cause for proceedings consistent with this opinion.

Reversed and remanded.

BARRY and SCOTT, JJ., concur.