MAURICE GOLDENBERG, Plaintiff-Appellant, v. JONATHAN ERIC SEIME *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 1—91—1583

Opinion filed March 31, 1993.

Alan Kawitt, of Chicago, for appellant.

No brief filed for appellees.

JUSTICE GREIMAN delivered the opinion of the court:

Plaintiff Maurice Goldenberg filed a civil action for money not in excess of $2,500, procedures for which action are determined by Supreme Court Rules 281 through 288 relating to small claims (134 Ill. 2d Rules 281 through 288). The trial court entered judgment against plaintiff and he now appeals that order.

Defendant Jonathan Eric Seime was never served and is not a part of this action. Defendant Katharine M. Nielsen did not file an answer denying plaintiff's allegations but did file a written response entitled "Affirmative Defenses" asserting two affirmative defenses.

At trial, plaintiff alleged that since the essential allegations of his complaint had not been denied by an answer, they were deemed to be admitted, and he did not offer evidence to support these essential allegations. Defendant, not being present at trial, offered no evidence on issues raised in her affirmative defenses.

Thereafter plaintiff's motion for judgment on the pleadings was denied and the court entered a finding against plaintiff and in favor of defendant.

■■ Plaintiff acknowledges that Supreme Court Rule 286(a) provides "[i]f the defendant appears, he need not file an answer unless ordered to do so by the court; and when no answer is ordered the allegations of the complaint will be considered denied and any defense may be proved as if it were specifically pleaded." 134 Ill. 2d R. 286(a).

In small claims, an appearance by a defendant is considered a denial. (*Blumeyer v. Tom Mighell Construction* (1975), 27 Ill. App. 3d 833, 327 N.E.2d 22 (abstract of opinion).) Plaintiff acknowledges that the defendant need not have filed an answer or affirmative defense, but argues that upon the filing of affirmative defenses, defendant elected to file a written response and having failed to file an answer denying plaintiff's allegations, those allegations are deemed admitted.

Plaintiff further argues that the filing of the written affirmative defenses waives the provisions of Supreme Court Rule 286 which excuse him from filing an answer. Plaintiff notes that procedural matters are most often subject to waiver and submits that a defendant's participation in a proceeding after the entry of a dismissal for want of prosecution is a waiver of that order of dismissal (*Shankland v. Lang* (1989), 179 Ill. App. 3d 899, 534 N.E.2d 1372) and a statute of limitations may be waived by a defendant (*Bailey v. Petroff* (1988), 170 Ill. App. 3d 791, 525 N.E.2d 278).

These cases are not quite on point.

Considering the aims and goals of the rules that regulate small claims and the public policy in addressing such litigation, we must disagree with plaintiff.

■■ Supreme Court Rule 286 makes it clear that no answer or responsive pleading is necessary except by order of court. Such pleadings as may be filed by a defendant are voluntary and do not affect the pleadings required. For example, normally if an affirmative defense is interposed in cases other than small claims, the plaintiff must deny the allegations of the affirmative defense lest they be deemed admitted.

However, under small claims proceedings, even if the defendant decides to file a written affirmative defense, the plaintiff need not file

a reply in order to avoid admitting the defense. *Peoria Housing Authority v. Roberson* (1979), 74 Ill. App. 3d 326, 392 N.E.2d 1107.

A case similar to the case at bar is *Ryan v. Bening* (1978), 66 Ill. App. 3d 127, 383 N.E.2d 681, where the defendants filed an appearance and counterclaim, but no answer. In *Bening*, as in the case at bar, the plaintiff offered no evidence tending to prove his claim when the defendants did not appear. The court held that it was improper to enter a default judgment against the defendants based on their failure to appear at trial since they had previously made an appearance and filed a counterclaim and when no evidence was offered tending to prove the plaintiff's allegations, the effect of the filing of a general appearance and counterclaim was to deny the plaintiff's allegations.

■■ Additionally, courts have some reasonable control as to the effect of pleadings or the failure to file pleadings. In *Darwin Co. v. Sweeney* (1982), 110 Ill. App. 3d 331, 442 N.E.2d 318, where the defendant filed no pleadings and asserted its defense of *nul tiel* corporation, the plaintiff was not required to prove its corporate existence where it might not reasonably have been expected to anticipate and counter such a defense in its case in chief.

For the above reasons, the trial court is affirmed.

Judgment affirmed.

RIZZI and CERDA, JJ., concur.