THE DEPARTMENT OF TRANSPORTATION, Plaintiff-Appellee, v. HERI-TAGE-PULLMAN BANK AND TRUST COMPANY, as Trustee, Defendant (Heritage-Pullman Bank and Trust Company, as Trustee, Defendant-Appel-lant).

First District (3rd Division)   No. 1—91—3030

Opinion filed September 29, 1993.

Sandra L. Hebenstreit, of Chicago, for appellant.

Michael J. Devine, of Chicago, for appellee.

JUSTICE RIZZI delivered the opinion of the court:

Plaintiff, Department of Transportation of the State of Illinois, brought this eminent domain action in the circuit court seeking to condemn certain property owned by defendant, Heritage-Pullman Bank and Trust Company, as trustee under trust agreement dated December 6, 1977, and known as trust No. 71—81563. The sole beneficiary of this trust was Heritage Olympia Bank. Heritage-Pullman Bank and Trust Company, as trustee under trust agreement dated December 10, 1986, and known as trust No. 71—82064 (intervenor), filed a petition to intervene pursuant to section 7—124 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 7—124 (now 735 ILCS 5/7—124 (West 1992))) and a cross-petition to recover final just compensation for the remainder parcel of the condemned property. The sole beneficiary of this trust was Lorenzetti, Inc. Following hearings, the trial court entered separate orders denying intervenor's petition to intervene and dismissing its cross-petition. We reverse and remand.

In January 1985, plaintiff brought the present action to condemn certain property located in Chicago Heights. Legal title to the subject property was held in trust No. 71—81563 at Heritage-Pullman, with the beneficial interest being held by Heritage-Olympia. In December 1986, Lorenzetti, Inc., purchased the remainder parcel (the parcel of land not subject to the condemnation proceeding) from Heritage-Olympia and transferred title of the property to trust No. 71—82064

also at Heritage-Pullman. Lorenzetti, Inc., retained the beneficial interest. A dispute arose between Lorenzetti, Inc., and Heritage-Olympia over who was entitled to receive condemnation proceeds from an award of final just compensation for the remainder parcel. Lorenzetti, Inc., and Heritage-Olympia subsequently settled their dispute, which was reflected by a letter to Lorenzetti, Inc.'s counsel dated June 14, 1989, indicating that Heritage-Olympia was assigning its right to collect final just compensation for the remainder parcel to Carlo Lorenzetti, the sole shareholder of Lorenzetti, Inc.

On August 30, 1990, the trial court entered an interlocutory order granting intervenor leave to intervene. On October 31, 1990, intervenor filed a cross-petition to recover final just compensation for the remainder parcel. Plaintiff, however, objected to intervenor's intervention and filed a response to the petition to intervene. On February 15, 1991, the trial court ruled that the June 14, 1989, letter did not constitute a valid assignment and entered an order denying intervenor's petition to intervene. Intervenor filed a motion to reconsider the February 15, 1991, order and plaintiff filed a motion to dismiss the cross-petition. On July 18, 1991, the trial court ruled that intervenor lacked due diligence in filing its cross-petition and entered an order denying intervenor's motion to reconsider and dismissing the cross-petition. The July 18, 1991, order contained a finding that there is no just reason for delaying enforcement or appeal. (See *City of Chicago v. Chicago Title & Trust Co.* (1990), 197 Ill. App. 3d 1062, 1066, 557 N.E.2d 311, 313.) Intervenor's subsequent motion to reconsider was denied. This appeal followed.

■ Intervenor argues that the trial court erred when it denied its petition to intervene and dismissed the cross-petition. Section 7—124 of the Code of Civil Procedure states:

> "Any person not made a party [to an eminent domain proceeding] may become such by filing an intervening petition, setting forth that the petitioner is the owner or has an interest in property, and which will be taken or damaged by the proposed work; and the rights of such petitioner shall thereupon be fully considered and determined." Ill. Rev. Stat. 1989, ch. 110, par. 7—124.

Intervenor alleged in its petition to intervene that it is the legal owner of the remainder parcel after Lorenzetti, Inc., purchased the property from Heritage-Olympia and transferred title to the intervening land trust. A copy of the title insurance policy issued to intervenor for the remainder parcel was attached as an exhibit to the petition to intervene. Intervenor further alleged that it is entitled to

condemnation proceeds from an award of final just compensation for the remainder parcel after Heritage-Olympia assigned its right to collect any payments which may remain due from plaintiff to Carlo Lorenzetti. In dismissing intervenor's petition to intervene, the trial court ruled that the June 14, 1989, letter purporting to assign Heritage-Olympia's chose in action for final just compensation did not constitute a valid assignment.

An assignment operates to transfer some identifiable property right, interest or claim from the assignor to assignee. (*In re Estate of Martinek* (1986), 140 Ill. App. 3d 621, 628, 488 N.E.2d 1332, 1337.) No particular words are necessary to demonstrate the existence of an assignment. (*Klehm v. Grecian Chalet, Ltd.* (1987), 164 Ill. App. 3d 610, 616, 518 N.E.2d 187, 191.) Rather, any document which sufficiently evidences the intent of the assignor to vest ownership of the subject matter of the assignment in the assignee is sufficient to effect an assignment. (*Stoller v. Exchange National Bank* (1990), 199 Ill. App. 3d 674, 681, 557 N.E.2d 438, 443.) The June 14, 1989, letter to intervenor's counsel states:

> "Our client, Heritage Olympia Bank, has instructed us to allow your client, Carlo Lorenzetti, to collect any payments which may remain due from [plaintiff] in the subject case."

It is plain that the June 14, 1989, letter evinces the intent of Heritage-Olympia to vest ownership of any claim to final just compensation for the remainder parcel to Carlo Lorenzetti, the sole shareholder of Lorenzetti, Inc. Plaintiff's suggestion that an assignment of the claim for final just compensation to Carlo Lorenzetti does not vest the chose in action to Lorenzetti, Inc., or intervenor is patently without merit. (See *People ex rel. Hartigan v. Organization Services Corp.* (1986), 147 Ill. App. 3d 826, 831, 498 N.E.2d 597, 600 (corporation with one sole shareholder is considered alter ego of shareholder).) We, therefore, conclude that intervenor established that it has an ownership interest in the remainder parcel and the accompanying chose in action for final just compensation which confers standing to have its rights fully considered and determined.

The trial court further ruled that intervenor lacked due diligence in filing its cross-petition for damages to the remainder parcel. Intervenor filed its cross-petition on October 31, 1990, approximately 16 months after Heritage-Olympia assigned its claim for final just compensation to Carlo Lorenzetti. There is nothing in the record to indicate that intervenor's cross-petition was filed as a delaying tactic. (See *Department of Conservation v. Franzen* (1976), 43 Ill. App. 3d 374, 383, 356 N.E.2d 1245, 1252.) Moreover, we are unable to deter-

mine what interest, if any, plaintiff has in the apportionment of final just compensation or how it is prejudiced by the delay in filing the intervening or cross-petitions. (See *City of Chicago v. Chicago Title & Trust Co.* (1990), 205 Ill. App. 3d 728, 738, 563 N.E.2d 65, 72.) Under the circumstances here, we hold that the trial court abused its discretion when it denied intervenor's petition to intervene and dismissed the cross-petition for final just compensation for the remainder parcel.

Accordingly, the orders of the circuit court denying intervenor's petition to intervene and dismissing the cross-petition for damages are reversed and the case is remanded for proceedings consistent with what is stated herein.

Reversed and remanded.

TULLY, P.J., and GREIMAN, J., concur.