In re NATIONAL TIRE SERVICES, INC., Debtor.

CHARLES POCH, INC., Plaintiff,

v.

NATIONAL TIRE SERVICES, INC., Defendant.

Bankruptcy No. 96 B 02058.
Adv. No. 96 A 00360.

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

Oct. 30, 1996.

Stephen A. Whelan, Horvath & Lieber, P.C., Chicago, IL, for Plaintiff.

Eugene Crane, Dannen, Crane, Heyman & Simon, Chicago, IL, for Defendant.

Jonathan W. Young, Trustee, Wildman, Harrold, Allen & Dixon, Chicago, IL.

### MEMORANDUM OPINION

ERWIN I. KATZ, Bankruptcy Judge.

This matter comes before the Court for trial on the Complaint of Plaintiff, Charles Poch, Inc. ("CPI"), for Declaratory Judgement against Debtor, National Tire Services, Inc. ("Debtor"). The parties have entered into a Stipulation of Facts and have rested.

At issue is whether the Debtor had assigned an account receivable from the Department of National Resources ("DNR") to CPI pre-petition.

On October 13, 1995, CPI obtained a default judgement against Debtor in the amount of $16,142.25, pursuant to an Illinois Circuit Court case entitled *Charles Poch, Inc. v. National Tire Services, Inc., et al.,* 95 M1 141728. The judgement was based upon Debtor's non-payment for transportation services CPI performed for Debtor.

In an unrelated matter, DNR owed Debtor approximately $178,500, pursuant to a rebate program. On October 12, 1995, Dominic Serpico, C.E.O. of the Debtor, sent a letter to Paul Koziar of DNR requesting that DNR pay $16,142.25, from the sum owed to Debtor, directly to CPI (the "Letter"). Debtor filed a Chapter 11 Bankruptcy proceeding on January 25, 1996.

CPI argues that the Letter constituted an assignment of claim, and therefore, is not property of the estate under 11 U.S.C. § 541. CPI further contends that the assignment took effect 105 days prior to Debtor's bankruptcy filing, and, therefore, the funds are not subject to either the automatic stay provisions of 11 U.S.C. § 362 or the preference provisions of 11 U.S.C. § 547. Debtor argues that the Letter was not intended to be an assignment, but rather, a request as to how DNR should distribute payments due. Debtor further maintains that even if the Letter was sufficient to constitute an assignment, nothing remains owing to CPI, because the funds were subject to preexisting liens and security interests.

An assignment is a transfer of some identifiable property, claim or right from assignor to assignee (*Dept. of Transp. v. Heritage–Pullman Bank,* 254 Ill.App.3d 823, 826, 194 Ill.Dec. 75, 76, 627 N.E.2d 191, 192 (1st Dist.1993) (the *"Heritage"* case)); it operates to transfer to the assignee all of the assignor's right, title or interest in the matter assigned. *In Matter of Estate of Martinek,* 140 Ill.App.3d 621, 629, 94 Ill.Dec. 939, 944, 488 N.E.2d 1332, 1337 (2nd Dist.1986). Generally, no particular form of assignment

is required. *Stoller v. Exchange Nat'l Bank,* 199 Ill.App.3d 674, 681, 145 Ill.Dec. 668, 673, 557 N.E.2d 438, 443 (1st Dist.1990). Illinois law recognizes oral assignments, so long as the items being assigned are assignable (*Buck v. IL Nat'l Bank v. Colwell,* 79 Ill. App.2d 101, 105, 223 N.E.2d 167, 169 (2nd Dist.1967)); any words that evidence an intent to transfer some identifiable property from assignor to assignee for valuable consideration are sufficient to effect a valid assignment. *Martinek,* 94 Ill.Dec. at 944, 488 N.E.2d at 1337. The intent of the parties to the assignment is a question of fact which can be derived not only from an instrument executed by the parties, but also, from the surrounding circumstances to the transfer. *Stoller,* 145 Ill.Dec. at 673, 557 N.E.2d at 443.

In this case, CPI contends that the Letter was sufficient to constitute a valid assignment and that the Letter demonstrates that Debtor intended to effectuate an assignment. CPI relies on the *Heritage* case to support its claim. That case stated that "any document which sufficiently evidences intent of assignor to vest ownership of the subject matter of the assignment in the assignee is sufficient to effect an assignment." 194 Ill. Dec. at 76, 627 N.E.2d at 192. CPI's reliance on the *Heritage* case is misplaced. In that case there was evidence that a transfer took place between the assignor and the assignee, namely, a letter from the assignor to the assignee which stated that the assignor was assigning its right to collect compensation to the assignee. *Id.* Here, the record is devoid of any evidence of an actual transfer. While, the Letter may evidence Debtor's intent to assign its claim of $16,142.25 to CPI, no transfer was ever proven to have occurred between Debtor and CPI. CPI has not introduced any evidence of a transfer, either by written instrument or oral communication, between itself and the Debtor.

An assignment occurs when there is a transfer of some identifiable interest from the assignor to the assignee. *Id.* Absent that, no assignment can occur. CPI has failed to meet its burden of proof. The Stipulation of Facts contains no evidence of any actual transfer. Given the absence of

such evidence, this Court cannot presume that an assignment has occurred.

## CONCLUSION

Judgement will therefore be entered in favor of Debtor, National Tire Services, Inc. and against plaintiff, Charles Poch, Inc.[1]

---

1. In the absence of a valid assignment, the Court need not address the concerns of the Bank of Homewood regarding the status of its security interests and whether they predate the claims of CPI.